## W. K. HARRINGTON, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RY. CO., Appellant.

### Kansas City Court of Appeals, May 16, 1910.

1. **CARRIERS: Shipment of Stock: Negligence.** Where a shipper shipped a carload of mules and the carrier put them in a car bedded with straw and placed the car near the engine, exposed to sparks, it was held to be negligent.

2. **CONTRACT: Reduced Rate.** If the contract of shipment does not specify the rate of freight, but it states that it is a reduced rate, that does not conclude the shipper when, in fact, it was not a reduced rate.

3. **CARRIERS: Notice of Loss.** If a contract of shipment provides for notice of loss either before leaving place of shipment, or within one day after getting to destination, and a loss occurs between the points, the shipment not being taken to destination, the provision for notice did not apply.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*M. A. Low, Paul E. Walker, E. C. Hall* and *Sebree, Conrad & Wendorff* for appellant.

*John A. Cross* for respondent.

No notice of the loss of the property was required in this case, as the property was not delivered by defendant to plaintiff, at the place of destination. Ward v. Railroad, 158 Mo. 226; Milling Co. v. Railroad, 127 Mo. App. 80.

ELLISON, J.—Plaintiff shipped a carload of mules over defendant's road and they were lost to him

by reason, as he charges, of defendant's negligence. He afterwards brought this action for damages and recovered judgment in the circuit court.

The shipment was made from Chattanooga, Oklahoma, and the destination was Kansas City, Missouri. There were twenty-one mules put into one car bedded with straw and this car was put in the front part of the train, near the engine. It had openings in the front end. After the train had left Chattanooga and had gotten twelve or fifteen miles away, the car took fire and burned some of the mules so badly that they were killed by defendant's servants, and injured the others so that the shipment was abandoned, and defendant sold the remaining mules for $1350.

By agreement of the parties a jury was waived and the cause submitted to the trial court, which made the following finding of facts:

"The court finds that the plaintiff was the owner of the stock shipped on the 3rd day of June, 1907, from Chattanooga, Oklahoma, to Kansas City, Missouri; that they were billed to W. K. Harrington and that plaintiff entered into the contract offered in evidence in this case marked as Exhibit "A." The court further finds that there were 21 mules in the car and that the same were started from Chattanooga on the date mentioned in the contract, and that after the train had gone ten or twelve miles from the station of Chattanooga, the car in which the mules were loaded took fire and that three mules were either killed or so injured they afterwards had to be killed, and that eighteen mules were saved from the fire and were afterwards sold by the defendant's agents for the sum of $1350.00; that at the time the car of mules caught fire it was in a moving train owned and operated by the defendant, and was broken open and the mules taken out, with the exception of three mules, by the agents, servants and employees of the defendant.

"The court further finds that the fire on the train in which the car of mules was contained was caused by the negligence of the defendant in the management, operation and running of the train, in this, to-wit: That the car containing the mules was bedded with hay and was too close to the engine of said train. The court further finds that none of the mules was ever delivered at Kansas City, Missouri, their place of destination, and that none of them has been paid for by the defendant. The court further finds that at the time plaintiff entered into the contract marked Exhibit "A" there was no agreement between plaintiff and defendant as to the rate of freight to be charged on the car of mules, and that there was no specified amount as to the rate to be charged or as to whether there were two rates in existence at the time, and no agreement was made as to any particular rate. The court further finds the defendant did not have the rate as furnished by the Interstate Commerce Commission posted up in two places, or in any place in the depot or station at Chattanooga, Oklahoma, the station from which the mules were shipped.

"The court further finds that the plaintiff did not make a written demand, in compliance with his contract, for the loss of his property or his amount of damage, within the time prescribed by the contract, but that defendant knew through its proper agents and servants of the loss and destruction of said property and that the same was not delivered to plaintiff at Kansas City, and that defendant also made offers to settle by paying the damages specified in the contract as to the amount therein for which amount defendant admits its liability for the loss of the mules.

"The court further finds that the rate charged for the shipment of the mules from Chattanooga, Oklahoma, to Kansas City, Missouri, was the usual and customary rate charged for such shipments or carriage of that

class of freight from Chattanooga, Oklahoma, to Kansas City, Missouri."

The contract of shipment did not contain any agreement as to the rate of freight for the shipment. While not stating a rate, it nevertheless did state that the shipment was at a rate provided for "in tariff; said rate being less than the rate charged for shipments transported at carrier's risk."

But under the finding of facts made by the trial court, which the evidence tends to support, we conclude that there was no consideration shown to support a contract releasing defendant from liability, or for an agreed valuation of the animals at less than their real valuation. [Ward v. Ry. Co., 158 Mo. 226; George v. Ry. Co., 214 Mo. 551.]

It is true no notice of loss was given; and even if the requirement of notice was supported by a consideration, it was still not necessary. The notice provision of the contract was that it should be given before leaving point of shipment or within one day after arriving at place of destination.

The loss in controversy did not come within the terms of the provision. There was no loss before leaving point of shipment and the stock never arrived at the place of destination. It thus appears that notice as specified in the contract was impossible, within one day or any other time.

Besides, the defendant took possession of the stock and sold a part of it, and thereafter entered upon negotiations for settlement. [Ward v. Ry. Co., supra; Scott Co. Milling Co. v. Ry. Co., 127 Mo. App. 80; Richardson v. Ry. Co., 62 Mo. App. 1.]

The litigation has been, it seems, unnecessarily protracted. The defense is in great degree technical. The judgment was manifestly for the right party and is affirmed. All concur.