### JIM DODD V. THE STATE.

No. 3720. Decided October 20, 1915.

**1.—Burglary—Sentence—Appeal—Vacation.**
    Sentence must be pronounced during the term of court at which the judgment is rendered, or if not then done, at a subsequent term of court; but the court can not sentence a defendant in vacation.

**2.—Same—Jurisdiction—Notice of Appeal.**
    When the court adjourned, his authority over the case ceased, where notice of appeal had been given to this court, except in cases specially provided by statute.

Appeal from the District Court of Hunt. Tried below before the Hon. Wm. Pierson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The term of court at which appellant was tried adjourned without a sentence. In vacation and in chambers the judge entered the sentence. This under our statute is the final judgment, and an appeal to this court can not lie until sentence has been pronounced. Sentence must be pronounced during the term of the court at which the judgment is rendered, or if not then done at a subsequent term of the court. The court can not sentence a defendant in vacation. When court adjourned his authority over the case ceased, where notice of appeal had been given to this court, except in cases specially provided by statute. This pronouncing of sentence is not authorized in vacation, nor is it authorized at any time except during a term of the court. The Assistant Attorney General moves to dismiss the appeal for this reason. and it must be sustained.

The appeal, therefore, is dismissed.

*Dismissed.*