### J. A. WILBURTON V. THE STATE.

No. 3786.   Decided November 3, 1915.

**1.—Forgery—Sentence—Statement of Facts.**

As no appeal would lie until sentence was pronounced, appellant had ninety days after sentence at a succeeding term of court was entered in which to prepare and file a statement of facts, and as the same was filed within time, the motion to strike out is overruled.

**2.—Same—Misconduct of Jury—Opinion of Juror.**

Where the expression of the juror was but an opinion from the testimony adduced on the trial, this was not giving additional testimony in the jury room, and there was no error in overruling a motion for new trial on that ground.

**3.—Same—Sufficiency of the Evidence—Conflict of Testimony.**

Where, upon trial of forgery, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of forgery; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Butler L. Knight* and *Russell B. Wine,* for appellant.—On question of misconduct of jury in receiving additional testimony: Wharton v. State, 45 Texas, 2; Dixon v. State, 46 Texas Crim. Rep., 154; Battles v. State, 53 Texas Crim. Rep., 202, 109 S. W. Rep., 195; Kemper v. State, 138 S. W. Rep., 1025.

*C. C. McDonald,* Assistant Attorney General, for the State.

.HARPER, Judge.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the State penitentiary.

The sentence was not pronounced on appellant at the term of court at which appellant was tried, but he was sentenced at a subsequent term of court. As no appeal would lie until sentence was pronounced, appellant had ninety days after sentence in which to prepare and file a statement of facts. As the statement of facts was filed within the time required by law after the pronouncing of the sentence, the motion to strike out the statement of facts is overruled. However, the record contains no bills of exception, and, as presented to us, there are but two questions we can review: First, did the court err in refusing to grant a new trial because the jury received additional testimony; and, second, will the testimony sustain the verdict?

To the motion for a new trial is attached the affidavit of one of the jurors, who says: "My name is C. L. Gruzevski, one of the jurors who sat on the case of State v. J. A. Wilburton, charged with forgery in the Thirty-seventh Judicial District Court, Bexar County, Texas, and I make the following affidavit: I incidentally remarked to said defendant's counsel a day or two after said case was tried, that one of the jurors made the statement in the jury room that he knew that Ed Gutseit would not swear another man into the penitentiary for $75. This statement was made before a vote was taken. I do not know the juror's name making said positive statement, but he was a large, tall man."

This is all the affidavit and all the remark that it is claimed was made. Jurors, of course, necessarily discuss the testimony, and for one of the jurors to.say "that he knew Ed Gutseit would not swear another man into the penitentiary for $75" is but an expression of the witness in regard to the testimony adduced on the trial. Appellant was charged with forging the name of Gutzeit Bros.—Ed Gutzeit to an endorsement on a draft for $76.50, guaranteeing the payment of the draft. So the issue to be decided in the case was whether or not appellant had forged those names to the draft. Ed Gutzeit was a witness in the case and had testified that he had not endorsed the draft

nor signed the names thereto. There is nothing in the affidavit to indicate the juror had ever known Ed Gutzeit before being empaneled on the jury. He had heard him testify, and for him to say he knew Gutzeit would not swear another man in the penitentiary for $75 was but an expression of his opinion on the testimony adduced on the trial. This was not giving additional testimony, and the court did not err in overruling the motion for new trial on this ground.

On the question of the sufficiency of the testimony, we will say there was a sharp issue as to whether Ed Gutzeit signed the $76 draft. He positively swore he did not sign the $74 draft and said that was a forgery also, but paid it to help appellant out of trouble. Appellant swore that Gutzeit signed both of them. Experts were called, and Mr. Lentz, a banker, testified that, in his opinion, the signature to that draft and one to a check admitted to have been written by Gutzeit was the same, but was the only one who so testified. Mr. Matthews, another banker, said there was some similarity, but he could not say they were the same. Mr. Haile testified, "the handwriting seems to differ," while Mr. Boetz testified that the signature to the alleged forged check was not the signature of Gutzeit.

With this conflict in the testimony, we can not say the jury were not justified in returning the verdict they did return.

The judgment is affirmed.

*Affirmed.*