## GILBERT HORN V. THE STATE.

No. 10484.   Delivered December 22, 1926.

**1.—Burglary—Practice on Appeal—No Sentence—Appeal Dismissed.**

Where the record discloses that the trial court did not sentence the appellant this court is without jurisdiction to entertain an appeal, and this appeal must be dismissed.   See Vernon's C. C. P., Art. 769.   Following Dodd v. State, 77 Tex. Crim. Rep. 543 and authorities collated thereunder.

**2.—Same—Appeal Reinstated.**

Appellant has supplied the omission of the sentence, which caused the dismissal of this appeal, and the appeal is now reinstated, and the case considered on its merits.

**3.—Same—Companion Case.**

This is a companion case of Arthur Horn v. State, No. 10483, opinion handed down February 23, 1927.   The facts and errors presented are identical with the Horn case, and for the reasons therein stated this judgment is reversed and the cause remanded.

Appeal from the District Court of Parker County.   Tried below before the Hon. F. O. McKinsey, Judge.

Appeal from a conviction of burglary, penalty two years in the penitentiary.

The opinion states the case.

*Houtchens & Clark* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of burglary in the District Court of Parker County, and his punishment assessed at two years in the penitentiary.

The record fails to disclose that the trial court sentenced the appellant, in the absence of which this court is without jurisdiction to entertain an appeal. Vernon's 1925 C. C. P., Art. 769, citing Dodd v. State, 77 Tex. Crim. Rep. 543, 179 S. W. 564, and many other authorities collated thereunder.

For the reasons above stated, the appeal is ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.


ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant has supplied the omission of the sentence which caused the dismissal of this appeal, and the appeal is now reinstated and the case considered on its merits.

This is a companion case to that of Arthur Horn v. State, No. 10483, opinion handed down February 23, 1927. The identical questions raised in that case appear in this record. The reasons stated at some length in that opinion are decisive of the questions stated here. The same argument was made by the Assistant County Attorney to the jury, and by the jury in their retirement, and the same comment appears to have been made by the court upon the introduction of the evidence referred to and set out in said former opinion. It is not necessary to restate the matters here. Reference is had to the case of Arthur Horn v. State, supra. For the reasons therein stated, this judgment is reversed and the cause remanded.

*Reversed and remanded.*