**HORN v. STATE. (No. 10483.)**

(Court of Criminal Appeals of Texas. Dec. 22, 1926. Appeal Reinstated Feb. 23, 1927.)

**1. Criminal law ☞1086(13)—Appeal will be dismissed where record fails to disclose that trial court sentenced defendant (Vernon's Ann. Code Cr. Proc. 1925, art. 769).**

Appeal will be dismissed where record fails to disclose that trial court sentenced defendant, since Court of Criminal Appeals is without jurisdiction in such case, in view of Vernon's Ann. Code Cr. Proc. 1925, art. 769.

On Reinstatement. '

**2. Criminal law ☞719(3)—Argument that attorney knew there was no barn where defendants, accused of burglary, claimed they obtained property in their possession held error.**

In prosecution for burglary of barn, argument of assistant county attorney that he was familiar with city where defendants claimed they got sacks found in their possession, and that there was no barn at place defendant said they went for such sacks, *held* error as putting material fact into record, which was emphasized by jury's subsequent discussion of location of barn.

**3. Criminal law ☞656(6)—Court's remark that testimony, if believed, had effect of discrediting testimony of defendant held improper as "comment on weight of evidence" (Code Cr. Proc. 1925, art. 707).**

On objection to cross-examination of defendant as to another offense, court's remark that "testimony, if the jury believes it, had the effect of discrediting the testimony of this witness" was comment on weight of testimony, in violation of Code Cr. Proc. 1925, art. 707.

**4. Witnesses ☞48(5) — Felon's testimony should have been stricken in prosecution for burglary in May, 1926 (Acts 39th Leg. [1925] c. 27).**

Felon's testimony should have been stricken in prosecution for burglary in May, 1926, since Acts 39th Leg. (1925) c. 27, changing rule relative to admission of convicts' testimony, did not go into effect until June.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Arthur Horn was convicted of burglary, and he appeals. Reversed and remanded.

Houtchens & Clark, of Fort Worth, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. [1] The appellant was convicted of burglary in the district court of Parker county, and his punishment assessed at 2 years in the penitentiary.

The record fails to disclose that the trial court sentenced the appellant, in the absence

───

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of which this court is without jurisdiction to entertain an appeal. Vernon's 1925 C. C. P., art. 769, citing Dodd v. State, 77 Tex. Cr. R. 543, 179 S. W. 564, and many other authorities collated thereunder.

For the reason above stated, the appeal is ordered dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### On Reinstatement.

LATTIMORE, J. Conviction for burglary; punishment, two years in the penitentiary.

Appellant has supplied the omission of the sentence which caused the dismissal of this appeal, and the appeal is now reinstated and the case considered on its merits.

The barn of V. O. Hildreth in Parker county was burglarized. Certain sacks, alleged to have been taken from the burglarized house, were traced to the possession of appellant and his brother, and they were indicted and convicted of the offense.

[2] On the trial the assistant county attorney told the jury in argument that he was acquainted with the streets in Fort Worth, and that there was no barn on Houston street, where defendants said they went for the sacks which they claim to be the ones found in their possession; that this part of Fort Worth was in the business section of the town; that he knew this fact; and that there were no barns in that section of the town. These matters were material. The jury in their retirement discussed the location of the barn where defendants claimed they had gotten the sacks found in their possession, and it was shown that statements were made in the jury room that the said assistant county attorney ought to know as to whether there was any barn in that section of town or not. The argument put into the record, as within the personal knowledge of said state's attorney, a material fact. The error of the argument was emphasized by the discussion had by the jury.

[3] Appellant was a witness in his own behalf and was asked by the state regarding a certain crime claimed to have been committed by appellant and another. The matter was objected to by appellant's counsel, and the court made the following remark:

"The testimony, if the jury believes it, had the effect of discrediting the testimony of this witness," etc.

This clearly was a comment by the court on the weight of the testimony and in violation of article 707, 1925 C. C. P. See McGee v. State, 37 Tex. Cr. R. 668, 40 S. W. 967; Lagrone v. State, 84 Tex. Cr. R. 609, 209 S.

W. 411; Gribble v. State, 85 Tex. Cr. R. 52, 210 S. W. 215, 3 A. L. R. 1096; Crane v. State, 91 Tex. Cr. R. 305, 240 S. W. 920.

[4] The state introduced one Starr, a material witness, in making out its case. On cross-examination, this witness admitted he had been convicted of a felony in Oklahoma. Appellant thereupon moved to strike out his testimony, which motion was overruled, and over objection the witness was permitted to testify to further facts in behalf of the state. The trial was had in May, 1926. The Acts of the 39th Legislature, c. 27, changing the rule in regard to admitting the testimony of convicts, into effect in June, 1925. The witness was competent. The court's action was correct. We have examined each of the other errors complained of on behalf of appellant, but think none of them presents merit.

For the errors referred to, the judgment will be reversed and the cause remanded.

BAKER, J. The appellant was convicted of burglary in the district court of Parker county, and his punishment assessed at 2 years in the penitentiary.

The record fails to disclose that the trial court sentenced the appellant, in the absence of which this court is without jurisdiction to entertain an appeal. Vernon's 1925 C. C. P., art. 769, citing Dodd v. State, 77 Tex. Cr. R. 543, 179 S. W. 564, and many other authorities collated thereunder.

