## CLARENCE HOLT V. THE STATE.

No. 11661.   Delivered March 31, 1928.

Rehearing denied April 25, 1928.

**1.—Driving an Auto While Intoxicated — No Sentence in Record — Appeal Dismissed.**

Where the penalty assessed is less than death, a sentence is prerequisite to an appeal. No sentence of appellant appearing in this record, this court is without jurisdiction, and the appeal must be dismissed. See Dodd v. State, 77 Tex. Crim. Rep. 543, and other cases cited.

**2.—Same—Bills of Exception—Filed Too Late—Cannot Be Considered.**

Appellant files a motion to reinstate his appeal, accompanied with a second supplemental transcript, showing that sentence was in fact pronounced against him. The bills of exceptions contained in this supplemental transcript, as well as in the original, were all filed too late to entitle them to be considered, and the judgment is now affirmed.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for driving an automobile upon the highway while appellant was under the influence of intoxicating liquor, punishment being one year in the penitentiary.

The record contains a transcript and a supplemental transcript but in neither is it shown that a sentence was ever pronounced against appellant.

Where the penalty assessed is less than death, a sentence is prerequisite to an appeal. Dodd v. State, 77 Tex. Crim. Rep. 543, 279 S. W. 564; Carroll v. State, 83 Tex. Crim. Rep. 536, 204 S. W. 334. Other authorities will be found collated under note 3, Art. 769, Vernon's C. C. P., Vol. 3, p. 150.

No jurisdiction having been conferred on this court by appeal in absence of sentence, the appeal must be dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE.

HAWKINS, JUDGE.—Appellant has filed a motion to reinstate his appeal, accompanying same with a second supplemental transcript showing that sentence was in fact pronounced against him. The appeal is therefore reinstated.

It is not necessary to state the facts. Some of them indicate disgusting vulgarity in the presence of ladies. The jury accepted the state's evidence as true, which attributed the language to appellant and authorized the jury to find that he was intoxicated. Appellant and his witnesses attribute the language to one of appellant's companions and deny that appellant was drunk. The jury has settled the issue of fact in favor of the state.

The trial term of court adjourned on the 11th day of November. Appellant's motion for new trial was overruled on the 7th day of November and sixty days' time allowed him in which to file bills of exception. A number of bills of exception are contained in the first supplemental transcript. Some of them were filed on the 1st day of February, and others on the 7th day of February. The sixty days allowed for filing them expired on the 6th day of January. None of the bills was approved by the trial judge or filed in the lower court until long after the time given had expired. The bills cannot be considered.

The judgment is affirmed.

*Affirmed.*