HAROLD S. HAIGH V. THE STATE.

No. 23709. Delivered June 25, 1947.
Motion to Reinstate Appeal Granted October 22, 1947.
Appellant's Motion for Rehearing Overruled December 3, 1947.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) December 10, 1947.

*Murray J. Howze,* of Monahans, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for burglary, punishment assessed being two years in the penitentiary.

The transcript does not reflect that sentence was ever pronounced against appellant. The sentence is the final judgment in a felony case, without which this court is without jurisdiction. Art. 769 C. C. P.; Wooldrige v. State, 61 Tex. Cr. R. 324, 135 S. W. 124; Dodd v. State, 77 Tex. Cr. R. 543, 179 S. W. 564; Wilburton v. State, 77 Tex. Cr. R. 657, 179 S. W. 1169; Riley v. State, 137 Tex. Cr. R. 161, 128 S. W. 807. See other cases cited in Note under said Art. 769 C. C. P., and in Branch's Ann. Tex. P. C., p. 338, Sec. 667.

The appeal is dismissed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

At the preceding term of this Court, to-wit, on June 25, 1947, the appeal was dismissed because the transcript failed to show a final judgment. Since that time, appellant has forwarded a supplemental transcript showing that sentence was pronounced upon him and entered on the minutes of the trial court. The supplemental transcript is accompanied by a motion to reinstate the appeal. The motion is granted, the appeal is reinstated, and the case will now be considered and disposed of on its merits.

There are no bills of exceptions nor any objections to the court's charge in the record. The only question presented for review is the sufficiency of the evidence to justify and sustain his conviction. The evidence adduced by the State, briefly

stated, shows that A. J. Sitton owned and operated a merchantile business in the town of Pyote in Ward County. In the rear of the building was a small room where Mr. Sitton slept. In the early morning hours of January 1, 1946, Mr. Sitton was awakened by the door opening, and he heard someone slip into the building. A few minutes later, he heard money rattling and some silver coins fall on the floor. Mr. Sitton arose from his bed, and saw someone in the building. He picked up his rifle and fired in the direction of the party in the building. After he had shot, he heard someone run from the door, but one man fell to the floor. Mr. Sitton then waited a short time for further developments. He heard someone walk around the building and pass by the door. This person whistled as he walked by the door. Later, he heard someone groan and heard him say, "Where am I?" The party then arose from the floor, struck a match, and walked to the room where Mr. Sitton was, pushed open the door which was slightly ajar, and walked in. Mt. Sitton then took charge of the party who later proved to be the appellant and who had in his possession at the time some money and war stamps which had been taken from the cash register belonging to Mr. Sitton. Appellant was then turned over to a deputy sheriff.

Appellant's chief contention is that the evidence fails to show that he entered the building by force as charged in the indictment. We are not in accord with this contention. It was nighttime and cold. The noise which awakened Mr. Sitton was produced by someone opening the door to the building. Consequently, the door must have been closed. Furthermore, Mr. Sitton testified, "I always locked the building from the back." At least the evidence is sufficient upon which the jury was justified in reaching the conclusion that the door was closed and that appellant entered the building by shoving the door open. It is not necessary that he should have broken the door or the lock on it. It was sufficient that he shoved the door open in order to enter the building. See Sparks v. State, 34 Tex. Cr. R. 86; Matthews v. State, 38 S. W. 172; and Jones v. State, 60 Tex. Cr. R. 426.

Believing that the evidence is sufficient to sustain appellant's conviction, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the evidence is insufficient to show an entry into the building by breaking, in that the circumstances relied upon to show that the entry was made by opening a door do not exclude the hypothesis that the door was open.

In addition to what was said in our original opinion, we note that Sitton, the owner of the building and present therein, testified, as follows:

"The business was broken into in the early morning. I was awakened by the door opening, that woke me up, and I heard some slipping in, thought at first it was a cat, and I got up and heard a racket and looked and saw a silhouette between me and the front door, of a man from about waist up."

We are unable to agree with the appellant that such testimony was insufficient to authorize the jury's conclusion that the entry to the building was made by opening the door. Especially is this true in view of the fact there is no testimony suggesting that the door was open at the time or that entry into the building could have been accomplished without a breaking.

The motion for rehearing is overruled.

Opinion approved by the Court.