## LUPE TREVINO V. STATE.

No. 26,068. December 3, 1952.
Rehearing Denied February 11, 1953.

*Murray and McDowell*, by *Clark Murray*, Floresville, for appellant.

*John F. May*, District Attorney, Karnes City, and *George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The conviction is for burglary. The punishment assessed is confinement in the state penitentiary for a term of six years.

Appellant and his companion entered a Catholic church located at Falls City in Karnes County "occupied and controlled by Theodore T. Janysek, with the intent then and there fraudulently to take from the said house corporeal personal property therein being and belonging to the said Theodore T. Janysek, * * * without his consent," etc.

It is evident from the testimony herein that there was a certain box inside of said church called the "vigilite stand" in which people, so desiring, would place small coins, which box was within the church and taken therefrom at such time.

It was testified to by Reverend Janysek that this was a Catholic church; that the windows and doors thereto were all closed just prior to the time of the burglary; that some one had torn open this vigilite box which was attached to the inside wall of the church and had rifled it of its contents amounting to $26.00.

The appellant's only defense seems to be that he had the consent of the priest in charge of said church to enter it, the testimony concerning which consent being that any person had a right to enter such church for the purpose of meditation and prayer; that no person had the consent of the priest in charge thereof or anyone else to enter it with the intent to steal or commit a felony therein.

That a church can be the subject of a burglary is held in 9 Corpus Juris, p. 1029, sec. 49, where it is said, among other things: :

"* * * but generally the breaking and entry of a church is punishable under the general statute punishing the breaking and entering of buildings."

In a note under said section it is said:

" 'As to the place, it must be, according to Sir Edward Coke's definition, in a mansion-house; and therefore, to account for the reason why breaking open a church is burglary, as it undoubtedly is, he quaintly observes that it is domus mansionalis Dei.' " (4 Blackstone Comm. 224).

In 12 Corpus Juris Secundum, p. 685, sec. 25, it is said:

"It is burglary both at common law and under the statutes to break and enter a church with the requisite intent.

"The crime of burglary, even at common law, extended to the felonious breaking and entering of a church. The matter is now generally regulated by statute. Under statutes punishing as burglary the breaking and entering of any building in which there are kept or deposited any goods, wares, merchandise, or other valuable thing with intent to steal or to commit any crime therein, a church may be the subject of burglary."

Under the quotation last above is mentioned the Missouri case of State v. Stewart, 44 S.W. (2d) 100, 329 Mo. 265, holding under facts similar to those in the present case that a church

is the subject of a burglarious entry and that the intent with which the entry is made, of course, governs whether or not it is burglary. It was also held therein that churches and school buildings come within the statute punishing a burglarious entry thereof.

We have a closer case in analogy in Texas wherein this court held in Thurston v. State, 132 Tex. Cr. R. 287, 103 S.W. (2d) 770, that boarding houses and hotels are open for business, but the doors thereof being closed, both back and front, and that the appellant committed the burglary of this boarding house when in his travels therein he entered a room thereof for the purpose of theft previously intended by him. The testimony shows that the public had a right to enter this hotel, that is, by the proper method, and had the consent of the hotel keeper so far as this case was concerned, but the accused had no right to enter it for an illegitimate purpose, that is, for the purpose of committing theft after he had made his entry therein. It is the intent with which the entry is made rather than the fact that there was an implied consent for any person who so desired, to enter it for a proper purpose.

According to the record in the present case, appellant admitted that he entered this church for the purpose of rifling this vigilite box and taking money therefrom, and that was his only purpose in going there; that he had to lift a latch to get within the house and had to use force to push the door open, it having a closing spring which caused it to close after he had entered. Under these circumstances, we think the Thurston case is fairly well in point to such an extent that we can hold, and do hold, that the entry of a church by means of any force is an unlawful entry if accompanied by an intent to steal or commit a felony therein.

As to the amount of force necessary for the breaking, Article 1394, Vernon's P.C., reads in part as follows:

"* * * The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, * * *."

In the case of Haigh v. State, 151 Tex. Cr. R. 189, 205 S.W. (2d) 992, this court held as follows:

"The breaking of a door or the lock on it is not essential to conviction of burglary, but the shoving of the door open in

order to enter the building is sufficient where the other elements are present."

No error appearing in the record, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

The same contentions are here presented as were raised in Trevino v. State, No. 26,065, this day decided (Page 252, this volume), reference to which is here made for a discussion of the law applicable to this case. In this case, we quote, in part from appellant's confession:

". . . myself and Jose Rocha both got out of my car and went up to the front door of the Catholic Church at Falls City, Texas, and we intended to take some money out of this church, and the front doors were closed, but were not locked, and myself and Jose Rocha opened the front door to this church and went inside of this church, and we looked for the money or collection box where the donations to the church are kept. . . ."

This, together with what we said in the companion case, disposes of appellant's claim that he could not be guilty of burglary, because he, along with other members of the public, had consent to enter the church for the purpose of meditation and prayer.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.