**Charles Lee FAGGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-83-00788-CR.**

Court of Appeals of Texas,
Dallas.

June 29, 1984.

Discretionary Review Refused
Nov. 21, 1984.

John Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, Tom Streeter, Asst. Dist. Attys., for appellee.

Before STOREY, WHITHAM and ROWE, JJ.

ROWE, Justice.

The State's motion to supplement the record was granted, and the record was

supplemented to cure the unassigned error upon which our former opinion turned. The State's motion for rehearing is now granted, our former opinion is withdrawn, and the following is substituted for it.

Appellant was convicted of burglary of a vehicle in a trial before the court. Punishment was assessed at confinement for seven years in the Texas Department of Corrections. In two grounds of error, appellant contends that the evidence is insufficient to prove that appellant entered the vehicle with the intent to commit theft and to prove an illegal entry. We have reviewed the evidence, and for reasons stated below we find appellant's grounds of error to be without merit.

Appellant entered the subject vehicle, a Goodwill donations trailer, on a Sunday afternoon during the time the trailer was attended by Phyllis Bumpus and open to the public for the purpose of stopping in and making donations of used clothing and household goods. When appellant climbed the stairs and entered the open door of the trailer, Bumpus became frightened, left the trailer, and hid behind it. Appellant mumbled as he walked in, but no words were exchanged. Bumpus had seen appellant around the trailer on two prior occasions; she testified that he had come in and "run her off" before, and that he had stolen things before. She further testified that although she said nothing to appellant on the date in question, she had on a prior occasion told him to "go away, don't come in here." The complainant, Bumpus' supervisor, did not testify, but a stipulation was entered in the record that he gave appellant no consent to enter the vehicle.

Bumpus did not see appellant leave the trailer, but she was able to identify some boots found in his possession a few blocks from the trailer shortly after the burglary. Appellant was arrested for littering and taken back to the trailer after police officers spotted him on a street corner with a bundle of clothing and goods. Appellant was apparently in the process of selling the goods to passersby. Appellant was charged with burglary of a vehicle after Bumpus identified him and the goods found with him.

In his first ground of error, appellant argues that the evidence was insufficient to prove that the appellant entered the vehicle with the intent to commit theft. He contends that the State attempted to prove such intent by showing only that appellant was in possession of recently stolen property, and that the State failed in its proof because appellant's possession of the property was not shown to be "personal" and to "involve a distinct and conscious assertion of right to the property by the defendant," as required by the Court of Criminal Appeals in *Rodriguez v. State*, 549 S.W.2d 747, 749 (Tex.Crim.App.1977). We disagree with appellant's contentions.

Appellant overlooks language in *Rodriguez* that clearly makes the *Rodriguez* test applicable only where an inference of guilt arises from the possession of stolen property absent other evidence. *Rodriguez*, 549 S.W.2d at 749. In the present case, the State presented evidence of appellant's presence at the scene of the burglary within 15 minutes of the discovery of the property, evidence of prior altercations between appellant and the trailer attendant, and evidence concerning prior thefts by appellant of Goodwill donations, as well as evidence of appellant's possession of stolen goods. In addition, the State's evidence regarding appellant's physical proximity to the stolen goods and his actual physical possession of a portion of the goods satisfies the *Rodriguez* test, notwithstanding appellant's testimony disclaiming possession of the goods. This ground of error is overruled.

Appellant contends in his second ground of error that the State failed to prove that an illegal entry occurred. Appellant argues that no *trespassory* entry occurred in the present case because there was no breaking, the trailer was open to the public for donations, and Bumpus did not verbally deny appellant entry on the occasion in question. TEX.PENAL CODE ANN. § 30.04 (Vernon 1974) provides:

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

The practice commentary under § 30.04 opines in pertinent part:

Section 30.04 is simply burglary under Section 30.02(a)(1) with "vehicle" substituted for "habitation or building" and with the requirement that the object entered be closed to the public at the time of entry eliminated. (Presumably, however, a public transportation company may not withdraw consent to thieves and thus make burglars of all passengers who steal from it—if they boarded with that intent. At least there is no apparent reason why a bus company should be able to do so while a department store may not.)

\* \* \* \* \* \*

"Breaking" into a vehicle is simply another variety of burglarious entry. As the commentary on Section 30.02 suggests, "breaking" or forcible entry was required under the old code in the instances in which a trespassory entry without force was insufficient to constitute burglary. Trespassory entries without force were insufficient if made in the daytime into vessels, steamboats, or railroad cars, arts. 1403, 1404. This code, however, makes trespassory entries at any time sufficient, and "breaking" or any use of force is immaterial.

■■■ The parties have cited no cases, and we find none, addressing whether a vehicle open to the public for a limited purpose may be the subject of a burglary under the provisions of § 30.04. We note that the Court of Criminal Appeals, in several pre-code cases, upheld convictions for burglary of *buildings* open to the public for limited purposes, *see Thommen v. State*, 505 S.W.2d 900 (Tex.Crim.App.1974); *Trevino v. State*, 158 Tex.Cr.R. 255, 254 S.W.2d 786 (1952); *Trevino v. State*, 158 Tex.Cr.R. 252, 254 S.W.2d 788 (1952); *Gonzales v. State*, 50 S.W. 1018 (Tex.Crim.App. 1899). Where sufficiency of evidence is questioned, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981). In the present case, although the trailer was open to the public for the limited purpose of making donations, Bumpus had previously denied appellant consent to enter, and appellant had ignored her and had taken donated goods; Bumpus testified that on the date of the offense she left the trailer without attempting to prevent appellant's entry because she didn't know what to do and because she was afraid of appellant. We hold that the evidence presented was sufficient to enable the trial court to conclude, beyond a reasonable doubt, that appellant entered the vehicle in question without the effective consent of the complainant or of his agent, Bumpus, and we therefore overrule appellant's second ground of error.

Affirmed.