# DENNING v. TODD.

## (Jackson.    April 23, 1892.)

1. ADMINISTRATION.    *Whether necessary or not.    Quære.*

Can next of kin of an intestate recover the personal assets of his estate
from a party wrongfully holding and wasting them without appoint-
ment of an administrator, there being no· debts against the estate?
The Court passes over this question.without expressing an opinion
upon it.

Cases cited : Thurman *v.* Shelton, 10 Yer., 383; Brown *v.* Bibb, 2 Cold.,
439; Brandon *v.* Mason, 1 Lea, 628; Christian *v.* Clark, 10 Lea, 630;
Trafford *v.* Wilkinson, 3 Tenn. Ch., 451.

2. ADMINISTRATOR AD LITEM.    *When appointed by Chancery Court.*

A contest arose between the estates of A and B over certain personal
assets.    D., the executor of B's estate, having taken possession of
these assets, was sued by A's next of kin therefor.    This suit was dis-
missed upon demurrer assigning that only A's personal representative
could maintain such suit.    Then D. became administrator of A's
estate, being already executor of B's estate.    Thereupon A's next of
kin presented their affidavit, during the same term at which demurrer
had been sustained, averring the foregoing facts, and that D. had
become administrator of A's estate, and was using that position to aid
B's estate in wrongfully holding said assets, and praying appointment
of administrator *ad litem* on A's estate.

*Held:* The Chancellor should, upon these facts, have appointed an ad-
ministrator *ad litem;* that the practice of presenting the matter by
affidavit was a proper one; and that the application, though made
after dismissal of bill on demurrer, did not come too late, being made
at same term.

Acts construed: Acts 1889, Ch. 137.

FROM CARROLL.

Appeal from Chancery Court of Carroll County.
A. G. HAWKINS, Ch.

Denning *v.* Todd.

H. C. Towns, M. L. McKenzie, and H. C. Brewer for Denning.

Charles M. Ewing for Todd.

Caldwell, J. This is a bill for the distribution of a dead man's personal estate among his children.

. Complainants allege that A. J. Denning died intestate, in Carroll County, on December 2, 1889; that he left certain personal property; that he owed no debts, and, therefore, administration had not been granted on his estate; that he had been twice married, and left surviving him his second wife and several children by each marriage; that his widow died, testate, on March 11, 1891; that S. W. Dunlap, her executor and son-in-law, had wrongfully taken charge of the personal property of which A. J. Denning died the owner, and assumed to sell the same as the property of his testatrix, when, in fact, no part of it belonged to her; that this sale was on time to various persons, and the purchase-money had not yet been paid; that Dunlap had, by the sale, been guilty of a conversion; that he had given no bond and was insolvent.

The bill was filed on May 8, 1891, by some of the children of A. J. Denning, deceased, against his other children, the executor of his widow, and the purchasers of property alleged to have been wrongfully sold by him.

The prayer is for injunction to restrain the

executor from receiving and the purchasers from
paying to him the price of the property so sold;
for a proper reference and decree upon the facts
alleged; and, finally, for a decree distributing the
personal assets of A. J. Denning, deceased, among
his children, and for general relief.

Dunlap, the executor, and several other defend-
ants demurred to the bill, upon the ground, as
claimed by them, that such a bill could be main-
tained only by a personal representative of A. J.
Denning, deceased.

The Chancellor was of opinion that the de-
murrer should be sustained and the bill dismissed;
but, before his decree was entered, complainants
moved the Court to appoint Elijah Denning, one
of the complainants, administrator *ad litem*, to the
end that he might, in his representative capacity,
become a party complainant, and prosecute the
suit.

In support of that motion and application, com-
plainants introduced and read to the Court the affi-
davit of said complainant, Elijah Denning. After
giving a historical statement of the litigation and
steps taken therein, affiant states that defendant,
S. W. Dunlap, had, after the filing of the de-
murrer, wrongfully and without the knowledge of
affiant or his counsel, procured himself to be ap-
pointed administrator of A. J. Denning, deceased;
that "said Dunlap, as affiant is informed and be-
lieves, declines to permit his name to be used as a
party complainant to this suit, as the administrator

of A. J. Denning, and by this means is endeavoring to defeat complainants in their right of action, and deprive them of their just rights;" that "the interest of said Dunlap, as executor of Mary Denning, deceased, is adverse to and in conflict with his interest as administrator of A. J. Denning," deceased; and that he, "as executor, is seeking to withhold from himself," as administrator, property which rightfully belongs to him in the latter capacity alone, and in which complainants are directly interested as distributees of A. J. Denning.

The Chancellor overruled this motion, refused to appoint an administrator *ad litem,* and caused his decree sustaining the demurrer and dismissing the bill to be entered.

Complainants made a proper bill of exceptions, and brought up the whole case by appeal.

Counsel for appellants assail the action of the Chancellor on two points. It is insisted, first, that the demurrer is not good in law; and, secondly, that an administrator *ad litem* should have been appointed, and the ground of demurrer thereby obviated.

*First.*—Without expressing an opinion upon the demurrer, we pass it with a mere citation of some of the authorities relating to the question therein made: *Thurman* v. *Shelton,* 10 Yer., 383; *Brown* v. *Bibb,* 2 Cold., 439; *Brandon* v. *Mason,* 1 Lea, 628, 629; *Christian* v. *Clark,* 10 Lea, 630; *Trafford* v. *Wilkinson,* 3 Tenn. Ch., 451.

*Second.*—The second insistence is well made. Complainants presented a clear and strong case for the appointment of an administrator *ad litem.* The statute on this subject is as follows:

"That in all proceedings in the Probate and Chancery Courts, and any other Courts having chancery jurisdiction where the estate of a deceased person must be represented, and there is no executor or administrator of such estate, *or the executor or administrator thereof is interested adversely thereto,* it shall be the duty of the Judge of the Court in which such proceeding is had to appoint an administrator *ad litem* of such estate for the particular proceeding. * * * Such appointment shall be made whenever the facts rendering it necessary shall appear in the record of such case, *or shall be made known to the Court by the affidavit of any person interested therein.*" Acts 1889, Ch. 137, Sec. 1.

We have italicized the words of the statute especially applicable to the facts of this case.

Complainants brought themselves entirely within the letter and spirit of the law, both in the matter of practice and in the disclosure of merits. The facts upon which the appointment of an administrator *ad litem* was sought were "made known to the Court by the affidavit of" a "person interested" in the subject-matter of the litigation; and those facts disclosed, unmistakably, that Dunlap, the regular administrator of A. J. Denning, deceased, was "interested adversely" to the estate

of his intestate. Holding and claiming the assets as executor of Mary Denning, his interest in that capacity was necessarily adverse to the estate of A. J. Denning, of which he was administrator. He could not serve two masters at one and the same time.

The adverse interest contemplated by the statute is not merely a personal interest, but any interest which may prevent the executor or administrator from fully and fairly representing the estate of his testator or intestate.

Though the motion and application were not made until after the hearing on demurrer—being made at the same term—they should have been granted, to prevent justice from being defeated.

Reverse and remand for appointment of administrator *ad litem,* amended and supplemental bill, and further proceedings.