1. Bɪʟʟs ᴀɴᴅ Nᴏᴛᴇs.    *Release of sureties not effected by extension of time upon usurious consideration.*

An extension of time granted to the principal for payment of a note upon a usurious consideration is invalid, and will not release the sureties.    (*Post, pp. 237, 238.*)

Cases cited and approved: Howell v. Sevier, 1 Lea, 360; Wilson v. Longford, 5 Hum., 320.

2. Sᴀᴍᴇ.    *Payment as consideration for delay.*

A payment on a note within the days of grace allowed, cannot be regarded as a payment before maturity, and therefore a payment on the principal so as to furnish a valid consideration for an agreement extending the time of payment.    (*Post, pp. 237, 238.*)

3. Aᴅᴍɪɴɪsᴛʀᴀᴛɪᴏɴ.    *Special is valid.*

A judgment against the special administrator of one of the original defendants appointed to defend the suit, is binding upon the estate, as an appointment for such special purpose is valid.    (*Post, p. 239.*)

Cases cited and approved: Jordan v. Polk, 1 Sneed, 428; McNairy v. Bell, 6 Yer., 302; Smith v. Pistole, 10 Hum., 205; Crozier v. Goodwin, 1 Lea, 368.

---

FROM   HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.    T. M. McConnell, Ch.

McKamy v. McNabb.

Pritchard & Sizar for McKamy.

Cooke, Swaney & Cooke and J. B. Frazier for McNabb.

Wilkes, J.   This is a suit upon a note against the principal, A. McNabb, and his sureties, N. McNabb and J. A. Greene.   There was judgment in the Court below against all parties for the amount of the note and interest, and the surety defendants appealed and assigned errors.   The cause has been heard by the Court of Chancery Appeals and the decree of the Chancellor affirmed, and the same party defendants have appealed to this Court and assigned substantially the same errors as have been passed upon by the Court of Chancery Appeals.   The defense made by the sureties is that on maturity of the note an extension of one year's time was granted the principal upon the note, which had the effect to release them in law and equity from liability upon it.   There is no question but that the extension was granted.   It is claimed by complainant that it was done with the assent and approval of the sureties.   The sureties deny this, however, and the Court of Chancery Appeals has not passed upon this question of fact.   That Court finds, however, that there was no legal consideration for the extension, and, hence, no valid agreement to that effect.   It appears from their finding that when the note fell due the principal defendant, A. McNabb, paid, within the three days of grace, sixty dollars, the legal interest

upon the note, and in consideration of delay for a
year, he paid the further sum of thirty-six dollars,
and it was held that this was usury, and not a legal
consideration for the delay, and there was, therefore,
no valid, binding agreement for delay.  This is as-
signed as error.  We think it is not error.  Delay
granted or promised upon a usurious consideration
is not based upon a valid, enforcible contract, and
will not serve to release the sureties.  *Howell* v.
*Sevier*, 1 Lea, 360; *Wilson* v. *Langford*, 5 Hum.,
320.  It is said that the payment, both of the sixty
dollars and thirty-six dollars, was before the matu-
rity of the note, and must be treated therefore as a
payment on the principal, and, therefore, a sufficient
consideration for the delay.  This is based on the idea
that payment, being made before the three days of
grace has expired, is, therefore, before maturity.
We think this is not true, and the defense too tech-
nical for any real merit.

During the progress of the cause, defendant Greene,
one of the sureties, died.  His son, Luther Greene,
went before the County Court and had himself ap-
pointed special administrator to defend this suit, and
for no other purpose, and the order of Court ap-
pointing him so recites.  He was brought before the
Court as such administrator, and filed an answer and
made defense without objection.  In the Court of Chan-
cery Appeals he assigns this action as error, and insists
that the appointment, being limited to a special pur-
pose, was void, and the revivor against him as admin-

McKamy v. McNabb.

istrator was unauthorized, and would not support a decree or judgment against his father's estate. No such objection was made in the Court below. It appears that the said Luther Greene was the only heir and next of kin of the deceased, J. A. Greene, and that he left no widow.

In the case of *Jordon* v. *Polk*, 1 Sneed, 428, it was held that such limited administration may be granted, either as to certain specific effects of the deceased or for a certain specific purpose—such as filing a bill or carrying on proceedings in chancery— and if such limited administrator is made a party to the suit, the estate of the deceased is thereby properly represented, and a decree against such limited administrator will be binding on a general administrator, but will not prevent a grant of general administration, and the two administrations may well subsist together. See, also, *McNairy* v. *Bell*, 6 Yer., 302; *Smith* v. *Pistole*, 10 Hum., 205; *Crozier* v. *Goodwin*, 1 Lea, 368; Pritchard on Wills, Sec. 564.

We can see no error in the decree of the Court of Chancery Appeals, and it is affirmed with costs.