STATE *v.* ODEN

AND

STATE *v.* FITZGERALD.

(*Nashville.* January 21, 1899.)

Costs. *Motion for, does not lie against Clerk, when.*

Motion does not lie against the Clerk of a court on behalf a defendant in a criminal case to recover costs alleged to have been illegally collected by the Clerk, where the defendant voluntarily paid the costs and made no demand for their return until the Clerk had, pursuant to law, paid them into the public treasury.

FROM DAVIDSON.

Appeal in error from Criminal Court of Davidson County. J. M. ANDERSON, J.

Attorney-general PICKLE for State.

F. C. MAURY, E. T. MORRIS, and J. E. TURNEY for Oden and Fitzgerald.

WILKES, J. These cases have been treated as motions to retax costs. They are not properly mo-

tions to retax costs, but motions against the Clerk of the Criminal Court, to hold him responsible personally for the improper collection of certain District Attorneys' fees, charged up by him in the bills of cost and paid by the defendants. No notice was given the State of the motion, but it was only given to the Clerk, and in this Court it. is disclaimed that it is sought to reach the State treasury for these amounts, which have been paid into the State treasury by the Clerk, but the motion is to hold the Clerk individually responsible for the improper taxation and collection of the fees as cost. The cases were heard in the Court below upon a statement of, facts agreed to by the parties complaining and the Clerk of the Court, and the trial Judge refused to give any relief, and the parties affected have appealed to this Court.

From the agreed statement of facts it appears that the parties complaining were indicted and prosecuted in the Court below, Oden for a felony and Fitzgerald for a misdemeanor. In each case a *nolle prosequi* was entered, and defendants were directed to be discharged on payment of costs. In the felony case the Clerk taxed up $10 as the District Attorney's fee, and in the misdemeanor case a fee of $5 for the same purpose. The bills of costs, including these fees, were paid by the respective defendants, and they were thereupon discharged. When the Clerk collected these fees he paid them over into the State treasury, as required by what is com-

monly called the Estes fee law, and this payment was made before the Clerk had any notice that he would be proceeded against for improperly collecting such amounts.

Under this statement of facts, no motion will. lie against the Clerk for the improper collection of these fees. They are not in his hands, but in the State treasury. Whether the costs could be re-taxed, so as to reach the State treasury, does not arise, as such attempt is expressly disavowed. So far as this record shows, the defendants paid these fees, as costs, willingly, and made no motion to have them refunded while in the hands of the Clerk. We need not consider, under these facts and this motion, whether they were properly or improperly taxed.

The sworn statements of the defendant, Fitzgerald, in his case, and of J. L. Pendleton, in the Oden case, were heard by the Court, substantially to the effect, and for the purpose of showing, that the defendants were to be taxed full costs, as upon conviction, and that they saw the items, and made no objection thereto. These statements were excepted to, on the ground that they were attempts to add something which did not appear in the judgments of *nolle prosequi.* The objection was overruled by the trial Judge, and, we think, correctly, but we think the affidavits are immaterial. The Court will presume the defendants knew the items in the bills of costs, and assented thereto when they paid them. While they objected to the State and county tax,

State *v.* Oden and State *v.* Fitzgerald.

and were, by the Court, relieved of these on appli-
cation, they made none to these items until after
they had paid them to the Clerk and he had cov-
ered them into the State treasury.

The judgment of the Court below is affirmed in
each case, with costs.