## Commonwealth v. Kane et al.

*A. J. Rosenbleet,* for Commonwealth.

*Norman Paul Wolken, Thomas E. Whitten, William L. Shaffer,* and *Nathaniel K. Beck,* county solicitor, for defendants.

O'TOOLE, J., July 27, 1948.—The Commonwealth of Pennsylvania filed this bill in equity apparently seeking a mandatory injunction against the county officials named in the caption to compel the return of excess fees collected by the prothonotary and turned in to the county treasurer. It is probable that defendants should have filed preliminary objections on the grounds that the remedy, if any, was mandamus. However, since

the county commissioners filed an answer, which was adopted by the other defendants, the matter was submitted on the bill and answer without testimony on either side. Since the filing of the bill there have been several changes in the county offices and we amended the caption accordingly. After hearing we make the following

## Findings of Fact

1. On September 1, 1945, the effective date of his fee bill, as amended by the Act of May 18, 1945, P. L. 714, defendant prothonotary began to demand and collect from plaintiff certain fees in excess of those prescribed by said fee bill for the filing and indexing of certain actions in scire facias instituted by plaintiff against various defendants.

2. By letter dated September 13, 1945, plaintiff complained to defendant prothonotary as to his practice in said respect and informed him "that all sums paid by the Commonwealth in excess of (the fee prescribed by said Act of 1945) are being paid under protest". Prior to said date, plaintiff had instituted 44 such actions and had paid defendant prothonotary for the filing and indexing thereof a sum aggregating $144.50 in excess of the prescribed fees.

3. By letter dated March 21, 1946, defendant prothonotary informed plaintiff that the amount of the fee properly collectible by him upon the institution of such actions had been judicially determined to be that prescribed by said Act of 1945. From September 13, 1945, to March 21, 1946, plaintiff had instituted 953 similar actions and had paid defendant prothonotary for the filing and indexing thereof a further sum aggregating $3,115.25 in excess of said prescribed fees.

4. After receipt of defendant prothonotary's letter of March 21, 1946, and continuing until December 31, 1946, plaintiff instituted 105 similar actions and paid defendant for the filing and indexing thereof a still

further sum aggregating $347 in excess of said prescribed fees.

5. The total number of such actions instituted by plaintiff from September 1, 1945, to December 31, 1946, was 1,102 actions, for the filing and indexing of which plaintiff paid to defendant prothonotary the total sum of $3,602.75 in excess of said prescribed fees.

6. All of said total sum of $3,602.75 was paid by defendant prothonotary into the Treasury of the County of Allegheny.

7. Each particular item included in said total sum of $3,602.75 was taxed by defendant prothonotary as costs against the particular defendants named in each particular action in connection with which the particular item was paid by plaintiff to defendant prothonotary.

8. The record is silent as to whether plaintiff ever presented to defendant county controller any claim against the County of Allegheny for the recovery of the said $3,602.75 or any part thereof.

## Discussion

County officials are helpless to refund money inadvertently paid into the county treasury, even in the most meritorious cases, unless some statute authorizes the payment and sets out the procedure. We know of no statute covering the situation before us nor has counsel called one to our attention. Nor, in the absence of statute, does this court have jurisdiction to entertain this action against the county. "The power to bring an action against the Commonwealth or any of its political sub-divisions must be clearly and expressly given": Arrott v. Allegheny County, 328 Pa. 293. And the rule holds, even though individual officers and not the county itself are named as defendants. They cannot be compelled to do what the county cannot do. Here the Commonwealth is actually suing itself, but when

it comes into court it has no greater rights than any other litigant.

The county, although unduly enriched, cannot be forced to make restitution, at least in this action. We are faced then with the anomalous question whether the officer who acted in good faith, turned the excess fees into the county fund and gained nothing for himself, should be held personally liable for the money collected and turned over.

There is respectable authority cited as obiter by the late President Judge Keller in Brown v. LeSuer, 149 Pa. Superior Ct. 192, at page 202, to the effect that the officer is liable in an action of assumpsit, even though he has paid the money to the general fund. Contra is State v. Oden, 49 S. W. 750 (Tenn.).

But the rule appears to have been established in actions of assumpsit and not in equity, the action before us. In this action, having been driven to the conclusion that the county, although unduly enriched, shall escape restitution, we deem it unreasonable to decide that restitution shall be made by the officer who gained nothing. Accordingly, we search out considerations which can avoid that inequitable result.

Here plaintiff has shown no real loss or, at least, it has not shown what the loss is. It has shown an advancement of money, all of which, theoretically, it will recover and most of which, actually, it will recover. The excess fees are taxed as costs and remain a credit to plaintiff as part of its judgment, to be paid by the individual judgment defendant when the judgment is satisfied.

The record does not reveal the fact but we can take judicial notice of the ordinary course of business in an office of this court, and an investigation reveals that more than 100 judgments have already been satisfied and the excess costs collected by plaintiff. And so it seems that if any person is ultimately aggrieved by

462

the collection of excess costs it is the individual judgment defendant. These judgment defendants are not parties to this record.

*Conclusion of Law*

The bill should be dismissed at the cost of plaintiff.