CASEY *v.* STRANGE.

(*Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

S. P. RAULSTON, of Jasper, and ROBERT L. KEELE, of Manchester, for plaintiff.

CATE & CATE, of Nashville, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Circuit Judge sustained the demurrer of the defendant A. B. Strange and dismissed the suit. The declaration was filed by the plaintiff R. W. Casey, administrator ad litem of the estate of Mrs. Ethel Hixson. This declaration averred that the plaintiff R. W. Casey was appointed administrator ad litem by the Chancery Court of Coffee County, Tennessee, wherein certain litigation is pending in connection with the will of the said Mrs. Ethel Hixson. The demurrer sets up that Section 8166 of Williams' Annotated Code of Tennessee, providing for the appointment of administrators ad litem

under certain conditions in cases pending in probate or chancery court makes no provision whatever for the appointment of administrator ad litem to prosecute an action for unliquidated damages in a law court.

Said Code Section 8166 is as follows: "Administrators ad litem appointed, when.—In all proceedings in the probate or chancery courts, or any other court having chancery jurisdiction, where the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or the executor or administrator thereof is interested adversely thereto, it shall be the duty of the judge or chancellor of the court, in which such proceeding is had, to appoint an administrator ad litem of such estate for the particular proceeding, and without requiring a bond of him, except in a case where it becomes necessary for him to take control and custody of property or assets of the estate of his intestate, when he shall execute a bond, with good security, as other administrators are required to give, in such amounts as the chancellor or judge may order, before taking control and custody of such property or assets. Such appointment shall be made whenever the facts rendering it necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein; and, in such proceedings in the chancery court, the chancellor at chambers or clerk and master of such court on a rule day shall have authority to make such appointment in vacation."

If the particular proceeding limits the act for which the administrator is appointed to the cause then pending, which gave rise to the appointment of an administrator ad litem, then in such situations the estate might be without remedy.

█ In passing on the demurrer in the suit brought by an administrator ad litem, the presumption is that it was necessary to make such appointment and the latter part of said section provides: "Such appointment shall be made whenever the facts rendering it necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein * * *."

█ The lower court, in sustaining the demurrer, limited the meaning of the words "particular proceeding" to one growing out of a case pending in the chancery court. We think the words have a broader meaning and include any action necessary to protect the interest of the estate.

█ However, in passing on the demurrer, we must take the averments of the declaration to be true and we cannot assume that the act of the Chancellor in appointing an administrator ad litem to bring this suit was idle ceremony.

There seems to be no case exactly in point in this state. This section was considered in the case of *Apple* v. *Owens,* 1 Tenn. Ch. App. 148 and *Choate* v. *Apple,* 1 Tenn. Ch. App. 135. See also *Denning* v. *Todd,* 91 Tenn. 422, 19 S. W. 228, and *Ragio* v. *Collins,* 101 Tenn. 662, 49 S. W. 750.

█ There can be no doubt that the county courts have authority to appoint an administrator whose duties are limited to a single act or a number of special acts. *McNairy* v. *Bell,* 14 Tenn. 302.

In American Jurisprudence, Vol. 21, Section 804, p. 831, it is said: "In a number of jurisdictions, a special or temporary administrator may be appointed under certain conditions. The reason for this practice rests in the fact that estates of decedents frequently become involved

in protracted litigation, thereby being exposed to great waste and losses if there is no authorized agent to collect the debts and preserve the assets in the interim. The occasion for such an appointment usually arises where, for some cause, such a pendency of a suit concerning the proof of the will, regular administration is delayed."

In the present case, the authority to administer the act and to conduct the suit can be shown on proof in the trial of the case in the circuit court.

Again, in 21 American Jurisprudence, Vol. 21, Section 806, p. 832, it is said:

"An administrator pendente lite may always be appointed where the appointment of a general administrator is delayed for any reason, where a contest as to the will is being carried on in the same, or in another, court, or where there is an appeal pending as to proceedings on the removal of an executor or administrator.

"When appointed, an administrator pendente lite is regarded, not as the representative or agent of the parties suggesting the appointment, but as the administrator in charge of the estate, and, in effect, as an officer of the court."

For the foregoing reasons, we think the Circuit Court was in error in sustaining the demurrer and that judgment is reversed and the case is remanded for further proceedings consistent with this opinion.