In the Matter of the ESTATE of George RUSSELL, Deceased, Andrew P. Russell, Executor, Defendant–Appellee,

v.

Wilma SNOW, Plaintiff–Appellant.

Supreme Court of Tennessee,
at Jackson.

March 16, 1992.

Thomas K. McAlexander, Hill, Boren, Drew, & Martindale, P.C., Jackson, for plaintiff-appellant.

Charles L. Trotter, Jr., Huntingdon, for defendant-appellee.

OPINION

REID, Chief Justice.

This case presents an appeal from the decision of the Court of Appeals that affirmed the judgment of the probate court of Henry County denying an application for the appointment of an administrator *ad litem*. The petitioner/appellant is the plaintiff in a personal injury suit being held in abeyance pending the resolution of the issue presented on this appeal. The petition, which was denied by the probate court and the Court of Appeals, seeks the appointment of an administrator *ad litem* for the deceased driver of one of the automobiles involved in the collision so that that suit can be prosecuted. The proper construction of the statutes applicable to the facts presented shows the appellant is entitled to the appointment of an administrator *ad litem*.

Appellant, Wilma Snow, was involved in an accident with an automobile operated by George C. Russell on June 30, 1986. On June 29, 1987, she filed a suit against Russell in the circuit court seeking damages for personal injuries alleged to have been sustained in the accident. On March 24, 1988, Snow was granted a voluntary nonsuit in that case.

On April 11, 1988, George C. Russell died and, subsequently, his son, Andrew P. Russell, was appointed administrator of his estate. The administration was completed in

due time, and the administrator was discharged by order of the probate court entered on December 22, 1988.

On March 22, 1989, two days before the anniversary of the dismissal of the original suit for personal injuries, appellant filed in the circuit court of Henry County another suit for personal injuries, in which "Andrew P. Russell, executor of the estate of George Russell" is designated the defendant. Andrew P. Russell, personally, filed a motion to dismiss, asserting that the suit is barred by the statute of limitations. (Russell's standing to appear and raise the issue is not contested.) Snow then filed in the probate court the petition seeking the appointment of an administrator *ad litem* pursuant to Tennessee Code Annotated (T.C.A.) § 30–1–109.

The probate court dismissed the petition, and the Court of Appeals affirmed, holding,

> Normally, an administrator *ad litem* can be appointed where no administration had been granted or could be procured or no administrator has been appointed. (Citations omitted.) In this case, the executor was appointed to administer the estate on April 21, 1988 and the estate was closed and the executor was discharged on December 22, 1988. Because an administration of Mr. Russell's estate has occurred and there is no allegation that the executor had an interest adverse to the estate, there is no other provision under T.C.A. § 30–1–109 to appoint an administrator *ad litem.*

 Review of the applicable statutes will put the issue before the Court in better focus. When a party who would have been a defendant in tort litigation dies before such litigation is commenced, the cause of action may be prosecuted against the personal representative of the decedent pursuant to T.C.A. § 20–5–103. Subsection (a) states:

> In all cases where a person shall commit a tortious or wrongful act causing injury or death to another, or property damage, and such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death

of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the personal representative of such tort-feasor or wrongdoer.

A suit asserting a cause of action preserved from abatement by the above statute can be brought only against the personal representative of the decedent. A personal representative of a deceased tort-feasor must exist before a right of action for tort is ripe for enforcement. *Brooks v. Garner,* 194 Tenn. 624, 254 S.W.2d 736, 737 (1953); *Goss v. Hutchins,* 751 S.W.2d 821, 824 (Tenn.1988). Therefore, when there is no personal representative of the deceased tort-feasor upon whom process can be served, the plaintiff is entitled to have appointed an administrator *ad litem* pursuant to T.C.A. § 30–1–109, which provides, as follows:

> (a) In all proceedings in the probate or chancery courts, or any other court having chancery jurisdiction, where the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or the executor or administrator thereof is interested adversely thereto, it shall be the duty of the judge or chancellor of the court, in which such proceeding is had, to appoint an administrator ad litem of such estate for the particular proceeding, and without requiring a bond of him, except in a case where it becomes necessary for him to take control and custody of property or assets of the estate of his intestate, when he shall execute a bond, with good security, as other administrators are required to give, in such amounts as the chancellor or judge may order, before taking control and custody of such property or assets.

> (b) Such appointment shall be made whenever the facts rendering it necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein; and, in such proceedings in the chancery court, the chancellor at chambers or clerk and master of such court on

a rule day shall have authority to make such appointment in vacation.

 This Court has held that since an administrator *ad litem* is appointed for a special and limited purpose, it may precede the appointment of a general administrator and the two administrations may subsist together. *McKamy v. McNabb*, 97 Tenn. 236, 36 S.W. 1091 (1896). On the same principle, the special administration may occur after the general administration has been completed. The purpose of the administration is not determinative so long as it meets the statutory requirement that "the estate of [the] deceased person must be represented." T.C.A. § 30–1–109(a). In the case before the Court, the right of the plaintiff to pursue his action against the deceased tortfeasor is dependent upon the appointment of an administrator *ad litem*. Under the statutes, he is entitled to that appointment.

The judgment of the Court of Appeals is reversed, and the suit is remanded for the appointment of an administrator *ad litem* and such other proceedings as may be appropriate.

Costs are taxed against Andrew P. Russell.

DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.

O'BRIEN, J., dissents.

O'BRIEN, Justice, dissenting.

In my view the opinion of the Court of Appeals in this case was eminently correct. The majority in this Court have fallen into serious error by reversing the lower court's judgment.

The issue as stated by the appellant is whether the appellate court erred in affirming the probate court's denial of a motion for the appointment of an administrator *ad litem*.[1]

The majority opinion cites the appropriate and pertinent statutes and authorities and then proceeds to apply them in contradiction of all established precedent. T.C.A.

§ 20–5–103, subsection (a), is cited as follows:

> In all cases where a person shall commit a tortious or wrongful act causing injury or death to another, or property damage, and such person committing such wrongful act shall die *before suit* is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the *personal representative* of such tort-feasor or wrongdoer. (Emphasis supplied).

They fail to cite subsection (b), which is most relevant to the rule to be applied in this case.

> [T]he common law rule abating such actions upon the death of the wrongdoer and *before suit* is commenced is abrogated. (Emphasis supplied).

*Brooks v. Garner*, 194 Tenn. 624, 254 S.W.2d 736, 737 (1953), is cited for the rule that a personal representative of a deceased tort feasor *must exist* before a right of action for tort is ripe for enforcement. (Emphasis supplied). The full statement found in *Brooks v. Garner*, supra, in relation to this point is, "This section [§ 8243.1, now T.C.A. § 20–5–103], which abrogates common law to give a new right of action and defines proceedings for the remedy, clearly shows that a personal representative must exist before the right of action is ripe for enforcement." (Citations omitted). "Since the statute defines the exclusive remedy and the steps to be taken to secure it, those steps must be strictly followed." (Citations omitted).

The statute says, "such cause of action shall survive and may be prosecuted against the personal representative of such tort-feasor or wrong doer." It does not say, as does the majority, that when there is no personal representative of the deceased tort-feasor upon whom process can be served, the plaintiff is entitled to have appointed an administrator *ad litem* pursuant to T.C.A. § 30–1–109.

---

1. The appointment of an administrator *ad litem* was sought for the purpose of providing a legal

entity for service of process so that a damage suit filed in the law court could be prosecuted.

The majority also overlooks the fact that the suit had initially been commenced prior to the death of George Russell. It was recommenced after his estate had been closed and relates back to initiation of the original suit. *Goss v. Hutchins,* 751 S.W.2d 821, 825 (Tenn.1988). Therefore, T.C.A. § 20–5–103, et. seq., do not apply.

T.C.A. § 30–1–109 provides:

(a) In all proceedings in the probate or chancery courts, or any other court having chancery jurisdiction, where the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or the executor or administrator thereof is interested adversely thereto, it shall be the duty of the judge or chancellor of the court, in which such proceeding is had, to appoint an administrator *ad litem* of such estate for the particular proceeding, and without requiring a bond of him, except in a case where it becomes necessary for him to take control and custody of property or assets of the estate of his intestate, when he shall execute a bond, with good security, as other administrators are required to give, in such amounts as the chancellor or judge may order, before taking control and custody of such property or assets.

(b) Such appointment shall be made whenever the facts rendering it necessary shall appear in the record of such case, or shall be known to the court by the affidavit of any person interested therein; and, in such proceedings in the chancery court, the chancellor at chambers or clerk and master of such court on a rule day shall have authority to make such appointment in vacation.

In its opinion in this case the Court of Appeals said, "The premier rule of statutory construction is to ascertain and give effect to the legislative intent." *Tidwell v. Collins,* 522 S.W.2d 674 (Tenn.1975). The legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in the context of the entire statute without any force or subtle construction to limit or extend the import of the language.

*Worrall v. Kroger Co.,* 545 S.W.2d 736 (Tenn.1977); *City of Caryville v. Campbell Co.,* 660 S.W.2d 510 (Tenn.App.1983). It is the duty of this Court to construe a statute so that no part will be inoperative, superfluous, void, or insignificant. *City of Caryville,* supra, at 512. T.C.A. § 30–1–109 provides that " 'where the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or the executor or administrator thereof is interested adversely thereto, the appropriate court shall appoint an administrator *ad litem* for the estate.'... In this case, the executor was appointed to administer the estate on 21 April 1988. The estate was fully administered and closed. The executor was discharged on 22 December 1988. Because an administration of Mr. Russell's estate had occurred and there is no allegation that the executor had an interest adverse to the estate, there is no other provision under T.C.A. § 30–1–109 to appoint an administrator *ad litem.*"

T.C.A. § 30–1–109 contemplates an estate in existence and the need for an administrator to protect the interest of the estate. *See Casey v. Strange,* 193 Tenn. 372, 246 S.W.2d 50, 51 (1952). Once the assets of an estate have been distributed to the rightful recipients and the estate has been closed, neither T.C.A. § 30–1–109, nor, to my knowledge, any other authority provides for the appointment of an administrator *ad litem* for a non-existent proceeding in the probate court.

The majority cites *McKamy v. McNabb,* 97 Tenn. 236, 36 S.W. 1091 (1896), for the proposition that when an administrator *ad litem* is appointed for special and limited purpose, it may precede the appointment of a general administrator and the two administrations may exist together. That case involved a situation where a defendant in a lawsuit on a note, died. His son went before the county court and had himself appointed special administrator to defend the suit, and for no other purpose. Subsequently, a revivor was initiated against him as administrator of his father's estate, which apparently had not yet been opened. *McKamy* had no relationship to the situation in the case before us.

Although a practice has grown up in this State to seek the appointment of an administrator *ad litem* for the purpose of service of process in a tort action, prior to the time that administration of an estate has been completed, there is no legal precedent either by statute or case law, to make such an appointment after the estate has been fully administered and closed.

There were two (2) statutes of limitation involved in this case. The first is provided by T.C.A. § 28–1–105 providing for a new action within one (1) year of an adverse decision, and Tenn.R.Civ.P. 41.01. The second is that imposed under the Acts providing for the administration of estates. The appellant in this case observed the first, and slept on her rights in regard to the second. The estate of George C. Russell was properly administered and closed. There was no proceeding in existence in which an administrator *ad litem* could be appointed for the purpose of litigation. The cases are uniform on the procedure to be employed in cases such as this one. A plaintiff in an action sounding in tort is to put the probate court on notice by filing a copy of the complaint so that final distribution of the estate may be held in abeyance pending conclusion of the tort suit. *Herring v. Estate of Tollett*, 550 S.W.2d 660 (Tenn.1977); *Estate of Patten v. Batchelor*, 664 S.W.2d 698 (Tenn.App.1983). I would so hold.