BROOKS *v.* GARNER *et al.*

*(Nashville,* December Term, 1952.)

Opinion filed January 15, 1953.

HUGHIE RAGAN, of Jackson, and W. H. FISHER, of Memphis, for plaintiff.

CHANDLER, SHEPHERD, HEISKELL & WILLIAMS and WILLIAM F. KIRSCH, JR., all of Memphis, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This suit rises from a collision of two automobiles on August 15, 1950, on Highway No. 70, about 15 miles east of Memphis. The plaintiff Brooks was a guest in a car driven by one W. T. Brewer, which collided with a car driven by W. L. Garner. As a result of the collision Brooks received serious injuries for which this suit is brought, and W. L. Garner was killed. It is alleged in the declaration that the injuries of Brooks were the direct and proximate result of the negligence of W. L. Garner. Although the minor children of the deceased W. L. Garner, Jr., are named in the declaration as defendants, the summons was issued and served only on his widow, Cecil Mary Garner, as Executrix of the estate of W. L. Garner, Jr., deceased. On this summons, the widow is sued in the declaration as Executor de son tort and also in the declaration, plaintiff prays that the Circuit Judge appoint the widow administrator ad litem for the defense of this suit.

The allegations of the declaration clearly show that Cecil Mary Garner was not the Executor, Administratrix, nor Executor de son tort, Sizer's Pritchard Law of Wills

and Executors, 2nd ed., Sec. 504, p. 547, of her deceased husband, and also shows that the action is brought under alleged authority of Code Sec. 8243.1.

In *Johnson* v. *Maury County Trust 'Co.,* 15 Tenn. App. 326, wherein certiorari was denied by this court, it was held that a cause of action against a deceased tort feasor for personal injuries, did not exist at common law, and was not saved by Tennessee statutes as they then were. Thereafter, in 1935, the Legislature passed the Act which now appears as Code Sec. 8243.1.   It is as follows:

"Hereafter in all cases where a person shall commit a tortious or wrongful act causing injury or death to .another, or property damage, and such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the personal representative of such tort-feasor or wrongdoer, and the common-law rule abating such actions upon the death of the wrongdoer and before suit is commenced is hereby abrogated."

This section, which abrogates the common law to give a new right of action and defines proceedings for the remedy, clearly shows that a personal representative must exist before the right of action is ripe for enforcement.   Cf. *Holston* v. *Dayton Coal & Iron Co.,* 95 Tenn. 521, 32 S. W. 486.

Since the statute defines the exclusive remedy and the steps to be taken to secure it, those steps must be strictly followed.   *Flatley* v. *Memphis & 'C. R. Co.,* 56 Tenn. 230; *Love* v. *Southern R. Co.,* 108 Tenn. 104, 119, 65 S. W. 475, 55 L. R. A. 471.

Neither this Code section, nor any other, is cited as authority to support the practice of asking a Circuit Judge, in a law case, for unliquidated damages, to appoint an Administrator ad litem.

■ Code Sec. 8166 provides for the appointment of administrators ad litem, and defines the courts authorized to make the appointment as "probate or chancery courts, or any other court having chancery jurisdiction". Clearly, a Circuit Court, in trying a suit at law for unliquidated damages in a negligence case, is not such a court.

"We are of opinion that the authority does not apply to law courts, unless it may be in cases of equitable cognizance; nor does it apply to this court, but only to courts of original jurisdiction." *Ragio* v. *Collins,* 101 Tenn. 662, 663, 49 S. W. 750.

■ In response to the declaration, Defendant entered a special appearance and filed plea in abatement, which was sustained by the Trial Judge. We think this action was correct.

The assignments of error are overruled and the judgment is affirmed at plaintiff's cost.