IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 18, 2009 Session

## STEPHANIE BRYANT, ET AL. V. ESTATE OF HENRY H. KLEIN

**Appeal from the Circuit Court for Sumner County**
**No. 29039C     C. L. Rogers, Judge**

---

**No. M2008-01546-COA-R9-CV - Filed April 20, 2009**

---

Personal injury plaintiffs filed suit against defendant motorist, who died prior to the filing of the suit, for injuries sustained in an automobile accident. By special appearance, the deceased tortfeasor's estate filed a motion to dismiss on the grounds that plaintiffs had not properly instituted the action against the decedent in accordance with Tenn. Code Ann. § 20-5-103 prior to the expiration of the statute of limitations. The trial court denied the motion, but granted the estate a direct appeal to this Court. Finding error in the judgment below, we reverse and remand the case.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S. and FRANK G. CLEMENT, JR., J. joined.

David S. Zinn, Brentwood, Tennessee, for the appellant, Estate of Henry H. Klein.

J. Brent Nolan and Zachary S. Burroughs, Knoxville, Tennessee, for the appellees, Stephanie M. Bryant and Jonathan Bryant.

### OPINION

**Background**

The Plaintiffs, Stephanie M. and Jonathan Bryant, filed a Complaint on September 15, 2006, against Henry H. Klein and Enterprise Rent-A-Car ("Enterprise") for damages for injuries sustained by Ms. Bryant in a motor vehicle accident on September 17, 2005, in Sumner County, Tennessee. Ms. Bryant was operating a vehicle involved in the car accident while Henry Klein was the operator of the other car, a vehicle owned by Enterprise.[1] The Plaintiffs alleged that Mr. Klein, who was 74 years old at the time of the accident, negotiated a curve too fast and crossed over into Ms. Bryant's lane of travel forcing her vehicle off the left side of the road and into a ditch. The Plaintiffs also

---

[1] Enterprise was dismissed as a defendant by Order of Voluntary Non-Suit entered March 27, 2007.

alleged that Enterprise was liable for negligent entrustment because it should have known of Mr. Klein's incompetence to drive properly considering his age.

The Sumner County Circuit Court Clerk issued a Summons on September 15, 2006, which was returned on September 18, 2006, stating that a copy of the Summons and Petition had been given to Mr. Klein's daughter, Katherine Wesley; the return also advised that Mr. Klein had died on December 4, 2005. Upon Mr. Klein's death, no estate was opened nor was a personal representative appointed. A Suggestion of Death was filed by Enterprise on October 5, 2006. On November 8, 2006, the Plaintiffs filed a motion pursuant to Rule 25.01 of the Tennessee Rules of Civil Procedure to substitute the "Estate of Henry H. Klein" as a party defendant in place of Mr. Klein, which the trial court granted on May 16, 2007.

On April 5, 2007, Stephen Ogle petitioned the Chancery Court for Sumner County, Probate Division, to be appointed administrator *ad litem* for Mr. Klein's estate.[2] On July 12, 2007, Plaintiffs obtained issuance of an alias summons instructing the Sumner County Sheriff to serve the "Defendant . . . Estate of Henry Klein c/o Steven [sic] Ogle, Esq." The Alias Summons was personally served upon Mr. Ogle on July 8, 2007.[3] The probate court appointed Mr. Ogle administrator *ad litem* on January 29, 2008. On February 6, 2008, Ms. Bryant obtained issuance of a second alias summons, which was personally served upon Mr. Ogle on February 12, 2008.[4] At no time did Plaintiffs move to substitute Mr. Ogle, as Mr. Klein's personal representative, as a party defendant in the present action.

On February 20, 2008, the "Estate,"[5] by special appearance, filed a Rule 12.02(6) Motion To Dismiss on the grounds that the action was time-barred by the one-year personal injury statue of limitations. The "Estate" asserted that Tennessee's anti-abatement statute, Tenn. Code Ann. § 20-5-103, requires a cause of action against a deceased individual to be brought against the decedent's

---

[2] In his Petition, Mr. Ogle alleged the following:

6. Because Stephanie M. Bryant has valid claims which she desires to pursue against the Estate of Henry H. Klein, Deceased, by way of litigation, specifically the case styled *Stephanie M. Bryant, et vir. v. Henry H. Klein, et al.*, Sumner County Circuit Court Docket No. 29039-C, it is necessary for an Administrator Ad Litem to be appointed for the limited purpose of providing a nominal defendant therefore. The Decedent died during the pendency of the aforementioned litigation.

[3] The Return portion of the alias summons states that the Summons was "received" on July 1, 2007, and personally served on Mr. Ogle on July 8, 2007, even though it also states that it was "Issued and tested this 12 day of July, 2007."

[4] The record does not indicate why a second alias summons was obtained, but we surmise that it was because Mr. Ogle was appointed as administrator ad litem a few days prior.

[5] We note that we have purposefully placed quotation marks around the term "Estate" in order to emphasize that since no estate had been opened for Mr. Klein, there was no such entity as the "Estate of Henry H. Klein." *See McLean v. Chanabery*, 5 Tenn.App. 276 (1926)(as a general matter, an "estate" is not a legal entity).

personal representative and that since no personal representative of Mr. Klein was appointed prior to the expiration of the one-year statute of limitations for personal injury actions, which included the six months during which the statute of limitations was tolled pursuant to Tenn. Code Ann. § 28-1-110, the present action was time-barred and should be dismissed.[6]  In response, the Plaintiffs contended that the filing of the Complaint on September 15, 2006, "commenced" the action under Rule 3 of the Tennessee Rules of Civil Procedure thereby tolling the statute of limitations and, further, that because the first alias summons was served on Mr. Ogle, who had petitioned to be appointed administrator *ad litem* for Mr. Klein's estate, within one year of the filing of the Complaint and the second alias summons was served on Mr. Ogle as Mr. Klein's personal representative within one year of the first alias summons that the action was properly continued in accordance with Rule 3.  On April 21, 2008, the trial court denied the "Estate's" motion to dismiss, but granted its motion for direct appeal to this Court.

**Discussion**

This interlocutory appeal arose from the trial court's denial of a Rule 12.02(6) motion to dismiss.  The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted.  A Rule 12 motion only challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof.  *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999).  As such, review of a Rule 12 motion is a question of law which appellate courts review *de novo*, without a presumption of correctness of the trial court's findings.  *Barge v. Sadler*, 70 S.W.3d 683, 686 (Tenn. 2002); *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000); *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn. 2000); *Exxonmobil Oil Corp. v. Metro Gov't. of Nashville and Davidson County*, 246 S.W.3d 31, 35 (Tenn. Ct. App. 2005).

The sole question in this case is whether a complaint filed against a deceased tort-feasor was "commenced" within the meaning of Rule 3 of the Tennessee Rules of Civil Procedure when the Plaintiffs failed to bring the action against the personal representative of the decedent.  At common law, an action could not be brought against a deceased tortfeasor.  *See Johnson v. Maury County Trust Co.*, 15 Tenn.App. 326 (1932); *Brown v. Stephens*, 165 Tenn. 85, 52 S.W.2d 146 (1932).  However, in 1935, the General Assembly abrogated the common law rule by adopting the predecessor of the current Tenn. Code Ann. § 20-5-103.  *See* 1935 Pub. Acts, c. 104, § 1; *Brooks v. Garner*, 30 Beeler 624, 194 Tenn. 624, 254 S.W.2d 736, 737 (1953).  The statute provides:

> *Survival of actions; tort-feasors; death.* (a) In all cases where a person shall commit a tortious or wrongful act causing injury or death to another, or property damage, and

---

[6] Tenn. Code Ann. § 28-1-110 provides:

The time between the death of a person and the grant of letters testamentary or of administration on such person's estate, not exceeding six (6) months, and the six (6) months within which a personal representative is exempt from suit, is not to be taken as a part of the time limited for commencing actions which lie against the personal representative.

such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the personal representative of such tort-feasor or wrongdoer.

(b) The common law rule abating such actions upon the death of the wrongdoer and before suit is commenced is abrogated.

Tenn. Code Ann. § 20-5-103.

This survival statute, also referred to as the anti-abatement statute, "does not create a new cause of action, but simply preserves a cause of action against a tort-feasor who subsequently dies." *Goss v. Hutchins*, 751 S.W.2d 821, 823-24 (Tenn. 1988)(citing *Goins v. Coulter*, 185 Tenn. 346, 348-49, 206 S.W.2d 379, 380 (1947)). The Tennessee Supreme Court has held that because the statute provides the exclusive remedy and steps to be followed when such circumstances arise, the steps "must be strictly followed." *Brooks*, 254 S.W.2d at 737. Accordingly, an action preserved by this statute "may *only* be instituted against the personal representative of the tort-feasor." *Goss*, 751 S.W.2d at 824 (emphasis added); *Brooks*, 254 S.W.2d at 737.

In the present case, Mr. Klein, the alleged tort-feasor, died before the suit was instituted; through Tenn. Code Ann. § 20-5-103 Plaintiffs' cause of action did not abate with his death. To pursue their cause of action against Mr. Klein, however, Plaintiffs were required to institute their action against the personal representative of Mr. Klein. Here, the Plaintiffs brought their action against the decedent, who, according to Tenn. Code Ann. § 20-5-103 and case law interpreting the statute, was not a proper party defendant. By bringing the action against an improper party, the filing of the Complaint did not "commence" the action within the meaning of Rule 3 of the Tennessee Rules of Civil Procedure.[7] *See Carpenter v. Johnson*, 514 S.W.2d 868, 870 (Tenn. 1974) (held that the court's order allowing the substitution of the decedent's personal representative, not the previously filed Complaint against the decedent, "marked the commencement of the action within the meaning of Rule 3").

The Plaintiffs filed a motion to substitute the "Estate of Henry H. Klein" as a party defendant in the place and stead of the decedent, Mr. Klein, on November 6, 2006; however, such action did

---

[7] Rule 3 provides:

An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

not correct the Complaint's fatal flaw because the "Estate" was also an improper party as no estate had been opened. *See Goss v. Hutchins*, 751 S.W.2d 821, 824 (Tenn. 1988) (finding that pursuant to Tenn. Code Ann. § 20-5-103 suit may only be instituted against the deceased tort-feasor's personal representative and, as such, "the Estate was not a proper party defendant to plaintiff's action"); *see also McLean v. Chanabery*, 5 Tenn.App. 276 (1926)(an "estate" is not a legal entity and cannot sue or be sued absent certain circumstances such as in a wrongful death action); *Estate of Norton v. Hinds*, 182 Ga.App. 35, 354 S.E.2d 663, 664 (Ga. Ct. App. 1987)(the estate of a dead man is mere inanimate property; consequently, suits to bind the estate of a dead man should be brought in the name of a personal representative-an executor, administrator, etc.); 31 Am.Jur.2d *Executors and Administrators* § 4 ("estate" merely means the assets of the deceased).

The Plaintiffs contend that while the Complaint may have named the wrong party defendant initially, the filing of the Complaint nonetheless "commenced" the action under Rule 3 of the Tennessee Rules of Civil Procedure for the purposes of the statute of limitations and that they properly "continued" the action in accordance with Rule 3 until they were able to serve process upon the personal representative of Mr. Klein in February 2008. While the failure to correctly identify a defendant in the caption of the complaint is not a fatal defect, it will be fatal to the action if the allegations of the complaint do not state a cause of action against the proper defendant. *Goss*, 751 S.W.2d at 825 (citing *Altman v. Third Nat'l Bank*, 30 Tenn.App. 81, 88, 203 s.W.2d 701, 704 (1947); *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964), *cert. denied*, 379 U.S. 831 (1964)). The *Goss* court upheld an action predicated on a complaint that listed "The Estate of Annie Myrtle Hutchins" in the caption as defendant and not John E. Hutchins, the personal representative of the decedent, but only because the court found that "[a]n examination of the complaint filed . . . reveals that a suit against the decedent's representative was intended by the plaintiff" and that process was served upon the personal representative's lawyer. *Id.*

A review of the Complaint and the record here do not reveal such an intent on the part of the Plaintiffs. The caption and the body of the Complaint only speak in terms of Mr. Klein, who, as aforesaid, is not a proper party defendant. The body of the Complaint did not make any allegations regarding the personal representative of the estate or the need for the appointment of one. There is nothing in the Complaint to indicate that suit was brought against the personal representative as required by Tenn. Code Ann. § 20-5-103. *See Hembree v. Estate of Richard Styles*, 2007 WL 4374033, at *3 (Tenn. Ct. App. Dec. 17, 2007)(upholding the dismissal of claims against the "estate" of a deceased tort-feasor where both the caption and the body of the complaint spoke only in terms of the estate and nothing indicated that a personal representative existed or that suit was brought against that person). In oral argument, Plaintiffs' counsel contended that, since Mr. Klein's daughter had been served and the attorney for the "Estate" had been provided copies of the pleadings as a matter of courtesy, the "Estate" had actual notice of the proceedings. Notice of the action does not constitute service of process and, in any event, these facts are of no consequence as Mr. Klein's daughter was not his personal representative, *see Hembree*, 2007 WL 4374033, at *3, and the "Estate," was not a proper party defendant. As such, the filing of the Complaint, did not "commence" the action within the meaning of Rule 3 and, consequently, the statute of limitations continued to run.

The Plaintiffs assert that they were not aware that Mr. Klein had died in the period of time between the accident and the filing the Complaint; however, the record shows that they were made aware of Mr. Klein's death within a few days of filing the Complaint,[8] at which point 181 days remained before the expiration of the statute of limitations.[9] Given the nearly six months remaining before the expiration of the statute of limitations, Plaintiffs had ample opportunity to correct the Complaint by substituting the personal representative of Mr. Klein as a party defendant. The fact that a general estate had not been opened or a personal representative appointed did not prevent the Plaintiffs from seeking the appointment of an administrator *ad litem* pursuant to Tenn. Code Ann. § 30-1-109. *See Estate of Russell v. Snow*, 829 S.W.2d 136, 138 (Tenn. 1992) (held that a plaintiff is entitled to have appointed an administrator *ad litem* since the plaintiff's right to pursue his or her action against a deceased tort-feasor is dependent upon such appointment). While the record shows that the Plaintiffs sought the assistance of Mr. Ogle in petitioning to have an administrator *ad litem* appointed for Mr. Klein's estate, the Petition seeking to have Mr. Ogle appointed administrator *ad litem* was not filed with the probate court until April 5, 2007, nearly two weeks after the expiration of the statute of limitations. Moreover, by the time Plaintiffs actually served process upon Mr. Ogle as Mr. Klein's personal representative on February 8, 2008, more than a year had passed since the expiration of the statute of limitations. We also note that at no point did the Plaintiffs file a motion with the trial court to substitute Mr. Ogle as a party defendant. Having failed to follow the steps of the survival statute, Tenn. Code Ann. § 20-5-103, before the expiration of the statute of limitations on March 18, 2007, the action is time-barred. Accordingly, we reverse the judgment of the trial court.

**Conclusion**

For the foregoing reasons, we reverse the judgment of the trial court and remand the case with instructions to dismiss the action.

Costs of the appeal are taxed to the Appellees, Stephanie M. and Jonathan Bryant, for which execution may issue if necessary.

RICHARD H. DINKINS, JUDGE

---

[8] The original Summons was issued on September 15, 2006, and returned on September 18, 2006. The return stated that "Henry Klein died 4 Dec. 05."

[9] Tenn. Code Ann. § 28-1-110 has the effect of tolling the statute of limitations for the period between the death of a person and the appointment of a representative of such person's estate up to six months. *Carpenter*, 514 S.W.2d at 869. Under the facts here, Tenn. Code Ann. § 28-1-110 tolled the statute of limitations for six months. Since 78 days had run between the date of the accident and Mr. Klein's death on December 4, 2005, when the six month tolling period expired on June 4, 2006, 287 days remained and on September 18, 2006, when the Summons was returned informing Plaintiffs of Mr. Klein's death prior to the filing of the Complaint, 181 days remained before the expiration of the statute of limitations. The "Estate" calculated that the statute of limitations expired on March 28, 2007, ten days later than this Court's calculation, but such difference is not relevant here.