IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 30, 2012 Session

## OSCAR H. VAUGHN v. JAMES D. MORTON

**Appeal from the Circuit Court for Hamilton County**
**No. 10C785      L. Marie Williams, Judge**

---

**No. E2011-00719-COA-R3-CV-FILED-MARCH 28, 2012**

---

This is a personal injury action filed by Oscar H. Vaughn ("the Plaintiff") against James D. Morton ("the Deceased") that arose out of an automobile accident. The Deceased died within a year of the accident. The Deceased's insurer, acting pursuant to its rights under the policy to "defend" an action against its insured, filed a motion to dismiss asserting that the only proper defendant was the personal representative of the Deceased and that the statute of limitations had expired prior to any attempt to make the representative a party to this litigation. The trial court denied the Plaintiff's motion to amend to add the personal representative as a defendant, which motion was filed after the expiration of the statute of limitations. The trial court granted the insurer's motion to dismiss. The Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J.,delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

John C. Cavett, Jr., Chattanooga, Tennessee, for the appellant, Oscar H. Vaughn.

F. R. (Rick) Evans, Chattanooga, Tennessee, for the appellee, James D. Morton, Deceased.

**OPINION**

I.

The accident occurred on July 2, 2009. The Deceased died on April 23, 2010. The Plaintiff filed his complaint on June 18, 2010, naming the Deceased as the sole defendant. According to the complaint, the Deceased's negligent operation of his vehicle caused the

accident that injured the Plaintiff. When the Plaintiff learned of the Deceased's death, he filed an application in chancery court seeking to have Hilary Hodgkins appointed as administrator ad litem of the Deceased's estate pursuant to Tenn. Code Ann. § 30-1-109 (2007).[1] The appointment was made and on October 13, 2010, "letters of limited administration for a legal cause of action only" were issued. On November 8, 2010, the administrator ad litem sent a letter to the Deceased's insurer advising "that service of process has occurred." There was no immediate attempt by the Plaintiff to amend his complaint to make the administrator ad litem a party to this litigation.

On or about January 23, 2011, the Deceased's insurer, acting "for and in behalf of . . . James D. Morton" pursuant to a provision in the policy which gives the insurer the right to "defend an insured," filed a motion to dismiss asserting that the statute of limitations had expired. The motion further asserted (1) that Tenn. Code Ann. § 20-5-103 provides the sole means for maintaining an action against a person who dies before the action is filed; (2) that the statute "must be strictly followed;" and (3) that "any action preserved by the statute 'may only be instituted against the personal representative of the tort-feasor [sic].' " The motion

---

[1]The statute provides:

> (a) In all proceedings in the probate or chancery courts, or any other court having chancery jurisdiction, where the estate of a deceased person must be represented, and there is no executor or administrator of the estate, or the executor or administrator of the estate is interested adversely to the estate, it shall be the duty of the judge or chancellor of the court, in which the proceeding is had, to appoint an administrator ad litem of the estate for the particular proceeding, and without requiring a bond of the administrator ad litem, except in a case where it becomes necessary for the administrator ad litem to take control and custody of property or assets of the intestate's estate, when the administrator ad litem shall execute a bond, with good security, as other administrators are required to give, in such amounts as the chancellor or judge may order, before taking control and custody of the property or assets.
>
> (b) This appointment shall be made whenever the facts rendering it necessary appear in the record of such a case, or shall be made known to the court by the affidavit of any person interested in the case; and, in such proceedings in the chancery court, the chancellor at chambers or clerk and master of the court on a rule day shall have authority to make an appointment in vacation.

asserted that the action filed against the Deceased did not "commence" an action against the proper party for purposes of the statute of limitations. The motion cites *Bryant v. Estate of Klein*, No. M2008-01546-COA-R9-CV, 2009 WL 1065936 (Tenn. Ct. App. M.S., filed April 20, 2009) as being "directly on point."

On February 4, 2011, some 19 months after the accident, the Plaintiff filed a motion to amend the complaint "to substitute Hilary Hodgkins, Administrator Ad Litem, for James D. Morton as the defendant in this case." In opposition to the motion to dismiss, the Plaintiff asserted, inter alia, that the requirements of Tenn. R. Civ. P. 15.03 were met for relation back of the proposed amendment to the date of filing of the original complaint. Therefore, according to the Plaintiff, the complaint was filed within the statute of limitations.

The trial court ruled on the two pending motions in a memorandum and order entered on March 11, 2011.[2] In pertinent part, the order states:

> In Tennessee, when a party who has committed a tortious or wrongful act, and then dies, suit may be brought to recover for damages but specific steps must be followed. Tennessee Code Annotated § 20-5-103 provides that the cause of action will not abate upon death, but as the Tennessee Supreme Court has explained, the steps outlined by the statute "must be strictly followed." *Brooks v. Garner*, 254 S.W.2d 736, 737 (Tenn. 1953). The statute and the cases interpreting this statute require that the suit be instituted against the personal representative of the tortfeasor. *See* Tenn. Code Ann. § 20-5-103 (stating "cause of action shall survive and may be prosecuted against the personal representative of the tortfeasor or wrongdoer"). The statute of limitations for the original action will toll for the period of time between death and the appointment of the personal representative, up to six months following death. Tenn. Code Ann. § 28-1-110; *see also Bryant v. Estate of Klein*, No. M2008-01546-COA-R9-CV, 2009 WL 1065936 (Tenn. Ct. App. Apr. 20, 2009).
>
> In this case, the statute of limitations for personal injury is one year. Tenn. Code Ann. § 28-3-104. When [the Deceased] died on April 23, 2010, 295 days had elapsed, and 70 days remained

_____

[2]Out of concern that the memorandum opinion and order might not constitute a final judgment, the court later entered an "Order of Dismissal" announcing a dismissal with prejudice and taxing costs.

-3-

before the statute expired. Upon death, the statute was tolled until the expiration of six months, or the appointment of the personal representative, whichever occurred first. The personal representative was appointed on October 13, 2010, and accordingly, the 70 remaining days began to run. This period expired on December 22, 2010, and the personal representative was never substituted.

The [P]laintiff did attempt to bring suit against [the Deceased] on June 1[8], 2010, but as the record reflects, [the Deceased] was deceased. Instead of reinstituting the action against his personal representative, the Plaintiff in this case merely sent the representative a copy of the original suit. The case of **Bryant** provides a similar set of circumstances to the case at hand. 2009 WL 1065936. In **Bryant**, an action was commenced against a party who was deceased. The court held that the party was improper since he was deceased at the time of filing. The [p]laintiff attempted to substitute the "Estate of Henry Klein," but the court held that the "estate" was also an improper party because the estate had not been opened. **Id**. at *3. The court explained that to pursue their cause of action, "Plaintiffs were required to institute their action against the personal representative of Mr. Klein." **Id**. at *3. *See also*, **Carpenter v. Johnson**, 514 S.W.2d 868 (Tenn. 1974)(finding that statute has the effect of tolling the statute of limitations up to six months, and when administratrix was substituted within six days of appointment and within remaining statutory time period, suit was proper).

In the present case, the Plaintiff did not substitute the personal representative for [the Deceased] before the date of December 22, 2010, the date of expiration for the statute of limitations. As explained by the Court of Appeals in **Bryant**, such steps are necessary in order to qualify as the commencement of an action. Therefore, the Deceased's Motion to Dismiss is GRANTED and the Plaintiff's Motion to Amend is DENIED.

[The] Plaintiff has also moved to amend pursuant to Tennessee Rule of Civil Procedure 15 to name the Administrator ad litem as the defendant. The Plaintiff contends that the amendment

would relate back to the original filing of suit, on June 18, 2010, thereby making the suit timely filed. This argument fails because as shown in the case law cited above, such earlier filings were not effective. The statute has been strictly interpreted to require the personal representative to be added as a party before a suit can commence. The amendment would serve no purpose, because the statute of limitations expired before a proper party was substituted.

The Plaintiff appealed from the trial court's order of dismissal.

## II.

The issue, as stated verbatim from the Plaintiff's brief, is as follows:

Did the Court err in declining to allow the [Plaintiff] to amend his complaint to add the administrator ad litem as a party, following the death of the original defendant, where the [Plaintiff] did not know the original defendant was deceased at the time the suit was filed and where the administrator ad litem was appointed and served with process before the statute of limitations ran, all of which was known to the insurance company[?]

## III.

A succinct reiteration of the standard for reviewing a trial court's dismissal pursuant to Tenn. R. Civ. P. 12.02 was recently provided in *Harman v. University of Tennessee*, 353 S.W.3d 734 (Tenn. 2011):

In determining the sufficiency of a complaint, we must construe it in the plaintiff's favor, by taking all factual allegations in the complaint as true and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. The determination of whether the facts, as set forth in the complaint, constitute a cause of action presents a question of law, and,

accordingly, our review is de novo with no presumption of correctness.

*Id*. at 736-37 (citations and internal quotation marks omitted).

IV.

The outcome of this case turns on whether Rule 15.03, upon which the Plaintiff relies, saves the case from the expiration of the statute of limitations. More specifically, the question is whether the motion to amend the complaint, filed after the expiration of the applicable statute of limitations, to name the personal representative of the Deceased relates back to the date of filing of the original complaint which named only the Deceased. As we have previously stated, the Deceased died between the time of the alleged tort and the filing of the original complaint.

We begin by quoting Rule 15.03:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

We also acknowledge the myriad cases holding that leave is to be "freely given" as justice requires. *See, e.g., **Branch v. Warren***, 527 S.W.2d 89, 92 (Tenn. 1975).

The well-established policy of liberality in the granting of amendments to complaints clearly raises the following question in this case: Does this principle control over the statutory requirements applicable to the situation now before us? The answer to that question begins with the pertinent language of Tenn. Code Ann. § 20-5-103 (2009):

(a) In all cases where a person commits a tortious or wrongful act causing injury or death to another, or property damage, and the person committing the wrongful act dies before suit is instituted to recover damages, the death of that person shall not abate any cause of action that the plaintiff would have otherwise had, but the cause of action shall survive and may be prosecuted against the personal representative of the tort-feasor [sic] or wrongdoer.

(b) The common law rule abating such actions upon the death of the wrongdoer and before suit is commenced is abrogated.

The statutory language is abundantly clear. The cause of action survives only against "the personal representative of the tort-feasor [sic] or wrongdoer." *Id*. At common law, no cause of action existed against a deceased tortfeasor for personal injury. **Brooks v. Garner**, 254 S.W.2d 736, 737 (Tenn. 1953). The cause of action abated at the time of death. *Id*. "Since the statute defines the exclusive remedy and the steps to be taken to secure it, those steps must be strictly followed." *Id*. The action available under the statute "may only be instituted against the personal representative of the tort-feasor [sic]." **Goss v. Hutchins**, 751 S.W.2d 821, 824 (Tenn. 1988) (*citing **Brooks***, 254 S.W.2d at 737). The law protects an injured person from the possibility that no estate is opened for the tortfeasor by allowing the injured person to petition the chancery court to appoint an administrator for the limited purpose of serving as the defendant in the lawsuit. Tenn. Code Ann. § 30-1-109 (2007). It is undisputed that the Plaintiff in this action had the administrator ad litem appointed and served the administrator; but it is also undisputed that the Plaintiff took no action to amend the complaint or to institute a separate action naming the administrator ad litem as the defendant until after the expiration of the statute of limitations.

The Plaintiff's failure to "strictly follow" that last mandatory step of securing the naming of the personal representative *as the defendant* before the expiration of the statute of limitations is fatal to his action under our holding in **Bryant**. Although Tenn. R. Civ. P. 1503 was not specifically mentioned in **Bryant**, an issue dispositive of the application of Rule 15.03 was the focus of that case. The plaintiff in **Bryant** argued that his case was saved from the expiration of the statute of limitations because, "while the [c]omplaint may have named the wrong party defendant initially, the filing of the [c]omplaint nonetheless 'commenced' the action under Rule 3 of the Tennessee Rules of Civil Procedure for the purposes of the statute of limitations." 2009 WL 1065936 at *3. The argument was also made that since a copy of the complaint was served on the deceased tortfeasor's daughter, and copies of the pleadings had been provided to the attorney for the estate, the proper party had notice of the action. *Id*. at *4. It is also noteworthy that in **Bryant**, as in this action, counsel for the

plaintiff had gone through the steps of having an administrator ad litem appointed and provided a copy of the complaint but did not make any allegations that would support the conclusion that he was the defendant. *Id*. at *1. We held that none of these facts were of any consequence without something in the record before the expiration of the statute of limitations showing that the personal representative was the intended party defendant; therefore, "the filing of the [c]omplaint . . . did not 'commence' the action within the meaning of Rule 3 and, consequently, the statute of limitations continued to run." *Id*. at * 4. We believe, and so hold, that if a complaint does not commence an action within "the meaning of Rule 3" it does not commence an action that a later amendment can "relate back to" within the meaning of Rule 15.03.

The Plaintiff discusses in his brief numerous cases decided under Tenn. R. Civ. P. 15.03, none of which involved an attempted amendment after the expiration of the statute of limitations to substitute a personal representative of a deceased tortfeasor in place of the deceased tortfeasor. One example that the Plaintiff asserts is "similar in many ways to the case at hand" is *Vincent v. CNA Insurance Co.*, No. M2001-02213-COA-R9-CV, 2002 WL 31863290 (Tenn. Ct. App. M.S., filed Dec. 23, 2002). In *Vincent*, we held that an amended complaint naming an insured automobile driver related back pursuant to Tenn. R. Civ. P. 15.03 to a pro se action filed originally against the tortfeasor's automobile insurer. *Id*. at *9. There are numerous distinctions between the present case filed by counsel and *Vincent*, involving a pro se litigant who had been assured by her opponent's insurance company that it "accepted financial responsibility for her damages." *Id*. at *1. However, the compelling and controlling distinction is that *Vincent* did not involve an attempt to amend to name a personal representative pursuant to Tenn. Code Ann. § 20-5-103 in substitution of an earlier complaint naming a deceased person. Notwithstanding the Plaintiff's assertion that the insurer in this case is the real party in interest, we must follow the cases holding that the only proper defendant in a case that seeks to impose liability for the actions or omissions of a deceased tortfeasor is the personal representative of the deceased tortfeasor.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Oscar H. Vaughn. This case is remanded, pursuant to applicable law, for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE

-8-