IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 5, 2013 Session

# FRANCES WARD v. WILKINSON REAL ESTATE ADVISORS, INC. D/B/A THE MANHATTEN, ET. AL.

**Appeal from the Circuit Court for Anderson County**
**No. B2LA0121     Hon. Donald Ray Elledge, Judge**

_____

**No. E2013-01256-COA-R3-CV-FILED-NOVEMBER 26, 2013**

_____

This is a negligence case in which Plaintiff filed suit against the wrong party but sought to amend the complaint to add Defendant once the statute of limitations had passed. Defendant objected to the amendment and filed a motion for summary judgment. The trial court granted the motion, finding that the applicable statute of limitations had passed because Rule 15.03 of the Tennessee Rules of Civil Procedure did not allow for the amendment of the complaint. Plaintiff appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J. AND THOMAS R. FRIERSON, II, J., joined. CHARLES D. SUSANO, JR., P.J., filed a separate concurring opinion.

Jennifer L. Chadwell, Oak Ridge, Tennessee, for the appellant, Frances Ward.

Linda J. Hamilton Mowles, Knoxville, Tennessee, for the appellees, Wilkinson Real Estate Advisors, Inc. d/b/a The Manhatten; Woodland View Apartments d/b/a The Manhatten; and The Wilkinson Group, Inc. d/b/a The Manhatten.

**OPINION**

## I. BACKGROUND

On April 16, 2011, Frances Ward ("Plaintiff") was walking down a flight of stairs in her apartment complex when she slipped in a puddle of water and fell down the stairs,

causing her to break her ankle and suffer other injuries. Plaintiff's apartment complex was known as The Manhattens.

On April 9, 2012, Plaintiff filed suit against Glazer Guilford Trust d/b/a The Manhattens and Glazer-JCF-III, LLC d/b/a The Manhattens (collectively "Glazer"). Unbeknownst to Plaintiff, Glazer, which was located across the street from the apartment complex, did not own or have any association with The Manhattens.[1] Upon realizing her mistake, Plaintiff filed an amended complaint, naming the proper defendants, Wilkinson Real Estate Advisors, Inc. d/b/a The Manhatten; Woodland View Apartments d/b/a The Manhatten; and The Wilkinson Group, Inc. d/b/a The Manhatten (collectively "Defendants"). The amended complaint was filed on April 17, 2012, one day beyond the applicable one-year statute of limitations for personal injury actions. Defendants responded by asserting that any complaint against them was barred by the applicable statute of limitations. Defendants alternatively denied wrongdoing, claiming that Plaintiff had a duty to use reasonable care and was comparatively negligent.

Thereafter, Defendants filed a motion for summary judgment, providing that they were entitled to a judgment as a matter of law because the statute of limitations expired prior to the filing of the amended complaint, which did not relate back to the original complaint. Plaintiff responded by asserting that a mistake concerning the address of the apartment complex led her to inadvertently sue the wrong party and that after learning of the mistake, she promptly amended the complaint. She claimed that the amended complaint related back to the original complaint pursuant to Rule 15.03 of the Tennessee Rules of Civil Procedure.

The case proceeded to a hearing on the motion for summary judgment, where the trial court agreed with Defendants, finding that the suit was not brought within the statute of limitations and that the amended complaint did not relate back to the original complaint pursuant to Rule 15.03 of the Tennessee Rules of Civil Procedure when Defendants and Glazer were not connected in any manner. This timely appeal followed the denial of all post-trial motions.

---

[1]Plaintiff eventually voluntarily dismissed her suit against Glazer.

## II. ISSUE

We consolidate and restate the issues raised on appeal by Plaintiff as follows:

Whether the trial court erred in granting the motion for summary judgment.

## III. STANDARD OF REVIEW

The complaint at issue in this case was filed on April 9, 2012; therefore, Tennessee Code Annotated section 20-16-101 is applicable to this matter. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. The Code provides,

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

Plaintiff contends that the trial court erred in granting the motion for summary judgment. She claims that the court misapplied the requirements of Rule 15.03 by holding that the amendment could not relate back to the original complaint because Defendants did not have a relationship with Glazer and because Defendants did not receive notice prior to the expiration of the statute of limitations. Defendants respond that the court did not err in granting the motion for summary judgment because the claims were barred by the applicable statute of limitations. They claim that by amending the complaint, Plaintiff sought to add three new parties that had no notice or knowledge of the litigation prior to receipt of the summons.

Citing *Vaughn v. Morton*, 371 S.W.3d 116 (Tenn. Ct. App. 2012), Defendants also assert that Plaintiff failed to commence the action within the period provided by law because she filed suit against the wrong party. In *Vaughn*, this court ruled that an action filed pursuant to Tennessee Code Annotated section 20-5-103 does not commence until the suit is instigated against the personal representative of the deceased. The suit at issue in this case was not brought pursuant to section 20-5-103; therefore, the reasoning applied in *Vaughn* is inapplicable to this case. This argument is without merit.

However, "[p]laintiffs who file their lawsuit at or near the end of the statute of limitations period face a difficult predicament if they make a mistake regarding the name of the defendant." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 796 (Tenn. Ct. App. 1997). In this case, the parties agree that the amended complaint naming the proper parties was filed after the expiration of the applicable statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1) (providing that actions for personal injuries must be commenced within one year after the cause of action accrued). Rule 15.03 of the Tennessee Rules of Civil Procedure provides,

> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the *party to be brought in by amendment* (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis added). "[T]he purpose behind the Rule is to 'ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the institution of the action.'" *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001) (quoting *Bloomfield Mech. Contracting Inc. v. Occupational Safety & Health Rev. Comm'n*, 519 F.2d 1257, 1262 (3rd Cir. 1975)). "The requirements of notice and knowledge together seek to prevent the situation where a person who has had no reason to know that he or she is expected to respond to a claim will be brought into a suit after the time limitations in the rule." *Vincent v. CNA Ins. Co.*, No. M2001-02213-COA-R9-CV, 2002 WL 31863290, at *6-7 (Tenn. Ct. App. Dec. 23, 2002), *perm. app. denied* (Tenn. May 5, 2003) (internal quotation omitted).

The parties agree that the claim arose out of the same occurrence as set forth in the original pleading. Additionally, we hold that Defendants received notice within 120 days of the commencement of the action and will not be prejudiced by maintaining a defense given the short time in which Plaintiff realized her mistake and sought to amend the complaint. Plaintiff asserts that the knowledge component of Rule 15.03 was also satisfied because the suit was filed within the 120 day time-frame. We disagree. The notice and knowledge requirements are often discussed together; however, the knowledge requirement, unlike the notice requirement, concerns whether a defendant "ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be called into question." 2002 WL 31863290, at *7 (describing the reasonableness test). In this case, Defendants could not have anticipated that the original complaint might be called into question because they had no knowledge of the complaint prior to receiving formal notice of the amended complaint. Defendants also did not have a relationship or an identity of interest with Glazer that could have given rise to knowledge of the complaint and its inapplicability to Glazer. With these considerations in mind, we conclude that the trial court did not err in holding that Plaintiff failed to meet the requirements of Rule 15.03. We further conclude that the trial court did not err in granting the motion for summary judgment because the applicable statute of limitations for bringing such actions had passed.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Frances Ward.

_____
JOHN W. McCLARTY, JUDGE

-5-