IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 11, 2019 Session

## VIVIAN KHAH v. JONATHAN CAPLEY

**Appeal from the Circuit Court for Davidson County**
**No. 18C-2155      Hamilton V. Gayden, Jr., Judge**

_____

### No. M2018-02189-COA-R3-CV

_____

This appeal arises from the dismissal of a personal injury action in which the alleged tortfeasor died before suit was filed. Upon a motion to dismiss, the trial court determined that the suit was barred by the applicable statute of limitations. Because no personal representative was appointed for the deceased tortfeasor and more than a year had elapsed following the accrual of the plaintiff's cause of action, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Michael A. Katzman, Mendy M. Katzman, and Patience R. Branham, Memphis, Tennessee, for the appellant, Vivian Khah.

R. Kreis White, Brentwood, Tennessee, for the appellee, the Estate of Jonathan Capley.

### OPINION

### I.

On May 12, 2016, Vivian Khah suffered injuries in an automobile accident, allegedly caused by Jonathan Capley. Eighteen days after the accident, Mr. Capley passed away. On May 11, 2017, unaware of Mr. Capley's death, Ms. Khah filed a civil warrant against Mr. Capley in the General Sessions Court for Davidson County. *See* Tenn. Code Ann. § 16-15-716 (Supp. 2019). Ms. Khah named no other defendant.

The sheriff's office returned the civil warrant with the following notation: "per Father[,] Jonathan Capley is deceased as of last year." On March 9, 2018, Ms. Khah filed

an alias warrant against Mr. Capley. *Id.* § 16-15-710 (2009). The sheriff's office returned the alias warrant, noting that Mr. Capley was "[d]eceased as of last May 2016." Apparently, Ms. Khah never reviewed either return of service.

On April 9, 2018, the Estate of Jonathan Capley filed a suggestion of Mr. Capley's death.[1] The next month, Ms. Khah moved to substitute the Estate as the defendant. The Estate opposed the motion to substitute and moved to dismiss. The Estate argued that the personal representative of the decedent was the proper party to sue and, in any event, the suit was time barred.

The general sessions court granted both the motion to substitute and the motion to dismiss. Ms. Khah then appealed to the Circuit Court for Davidson County. The Estate again moved to dismiss on the grounds that Ms. Khah had not sued the personal representative of the decedent within the applicable statute of limitations. The circuit court agreed and dismissed Ms. Khah's suit with prejudice.

**II.**

A statute of limitations defense may be raised in a motion to dismiss under Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief can be granted. *See Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003). A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The "court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). We review "[t]he determination of whether a suit should be dismissed based on the statute of limitations . . . [as] a question of law." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012). So our review is "de novo with no presumption of correctness." *Id.*

Our analysis and the running of the applicable statute of limitation is impacted by the death of the alleged tortfeasor. Under the common law, "a cause of action against a deceased tort feasor for personal injuries[] did not exist." *Brooks v. Garner*, 254 S.W.2d 736, 737 (Tenn. 1953). The survival or anti-abatement statute abrogates the common law

---

[1]We describe the filings as being on behalf of the Estate of Jonathan Capley, although "[a]s a general matter, an 'Estate' is not a legal entity." *Putnam v. Leach*, 572 S.W.3d 605, 613 (Tenn. Ct. App.), *perm. app. denied*, (Tenn. May 17, 2018). Based on oral argument in the case, the filing may have been on behalf of Mr. Capley's insurer acting under the terms of an insurance policy granting the insurer the right to defend its insured. *See, e.g.*, *Vaughn v. Morton*, 371 S.W.3d 116, 117 (Tenn. Ct. App. 2012) ("[T]he Deceased's insurer, acting 'for and in behalf of . . . James D. Morton' pursuant to a provision in the policy which gives the insurer the right to 'defend an insured,' filed a motion to dismiss asserting that the statute of limitations had expired.").

rule. Tenn. Code Ann. § 20-5-103(b) (2009); *Goss v. Hutchins*, 751 S.W.2d 821, 823 (Tenn. 1988). Where "the person committing the wrongful act dies before suit is instituted to recover damages, the death of that person . . . [does] not abate any cause of action that the plaintiff would have otherwise had." Tenn. Code Ann. § 20-5-103(a). The cause of action "survive[s] and may be prosecuted against the personal representative of the tort-feasor or wrongdoer." *Id.* § 20-5-103(a).

Our supreme court has held that a "cause of action preserved from abatement by the [survival] statute can be brought only against the personal representative of the decedent." *Estate of Russell v. Snow*, 829 S.W.2d 136, 137 (Tenn. 1992). Thus, "[a] personal representative of a deceased tortfeasor must exist before a right of action for tort is ripe for enforcement." *Id.* When no personal representative has been appointed for a deceased tortfeasor, the responsibility of seeking the appointment of an administrator ad litem falls to the plaintiff. *Id.*; *see also Vaughn v. Morton*, 371 S.W.3d 116, 120 (Tenn. Ct. App. 2012) ("The Plaintiff's failure to 'strictly follow' that last mandatory step of securing the naming of the personal representative *as the defendant* before the expiration of the statute of limitations is fatal to his action . . . .").

The timeliness of an action against a personal representative or an administrator ad litem is determined by the interplay of the statute of limitations for "injuries to the person" and another statute. Generally, actions for personal injuries must be brought within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A) (2017). But under Tennessee Code Annotated § 28-1-110, the death of the tortfeasor "suspend[s], or toll[s], the statute of limitations for that period of time between the death of a person and the appointment of a representative of his estate, up to a period of six months." *Carpenter v. Johnson*, 514 S.W.2d 868, 869 (Tenn. 1974).

Although acknowledging Mr. Capley's death, on appeal, Ms. Khah makes several arguments for why her suit should survive the motion to dismiss. We find none of her arguments availing.

Ignoring the concerns over the timeliness of her filing, Ms. Khah first argues that moving to substitute the Estate rather than a personal representative was sufficient because her case originated in the general sessions court. Under Tennessee Code Annotated § 16-15-729, "[n]o civil case, originating in a general sessions court and carried to a higher court, shall be dismissed . . . for any informality whatever." Tenn. Code Ann. § 16-15-729 (2009). The statute precludes a circuit court from dismissing a case based on a procedural informality like oral pleading. *See Vinson v. Mills*, 530 S.W.2d 761, 765 (Tenn. 1975) (holding that "the rules governing pleadings" apply to a lesser extent in general sessions court than in circuit court). But the survival statute specifies more than the proper procedure. Because "the [survival] statute defines the exclusive remedy **and** the steps to be taken to secure it, those steps must be strictly followed." *Brooks*, 254 S.W.2d at 737 (emphasis added); *Goss*, 751 S.W.2d at 824

3

(explaining that under the survival statute "suit may only be instituted against [decedent's] personal representative"); *see also Vaughn*, 371 S.W.3d at 118-19 (explaining that an action under the survival statute does not commence until the personal representative of the estate is substituted for the deceased). Ms. Khah did not strictly follow the steps of the survival statute.

Next, Ms. Khah argues that the circuit court erred by relying on the suggestion of death that was filed in general sessions court. Because the circuit court was required to review the case de novo, she asserts that a new suggestion of death should have been filed. This argument ignores that the death of Mr. Capley was apparent from the record based on the returns of both the original and alias warrants. Further an appeal from general sessions court to circuit court does "*not require* the filing of written pleadings, issuance of new process, or *any other steps which have been completed prior to the appealing of the case to the circuit court*." *Graham v. Caples*, 325 S.W.3d 578, 583 (Tenn. 2010) (quoting *Vinson*, 530 S.W.2d at 765).

Finally, Ms. Khah argues that the statute of limitations should have been tolled in this case because she was unaware of Mr. Capley's death until the filing of the suggestion of death and the suggestion of death was not filed until after the statute of limitations ran. "In civil proceedings, we have recognized and applied the doctrines of equitable estoppel and fraudulent concealment to toll the running of the statute of limitations." *Redwing*, 363 S.W.3d at 460. Both doctrines in part look to the plaintiff's conduct in determining whether tolling is appropriate. For either equitable estoppel or fraudulent concealment to apply, the plaintiff "must have acted diligently in pursuing [her] claims both before and after the defendant induced [her] to refrain from filing suit." *Id.* at 461, 463.

Ms. Khah did not act diligently here. She delayed filing suit, and despite the risk associated with the delay, she acknowledged failing to review the return on either of the general sessions warrants to determine why they were returned "not found." Had she done so, they would have alerted her to the possibility that she needed to prosecute her cause of action against Mr. Capley's personal representative.

## III.

Ms. Khah failed to appropriately commence her case within the statute of limitations. So we affirm the trial court's dismissal of this action. We remand the case for such further proceedings as may be necessary and consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

4