IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 14, 2020 Session

## ROBERT LEE ALGEE v. DAVID ANTHONY CRAIG AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NANCY P. CRAIG

Appeal from the Circuit Court for Dyer County
No. 2018-CV-84     R. Lee Moore, Jr., Judge

### No. W2019-00587-COA-R3-CV

This personal injury action concerns an automobile accident. The defendant died shortly after the accident. The estate was opened, administered, and closed before the plaintiff filed suit against the former personal representative within the applicable statute of limitations. The personal representative moved to dismiss for failure to state a claim. The plaintiff moved to enlarge the time for filing service of process based upon a claim of excusable neglect. The trial court dismissed the action as untimely. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Spencer R. Barnes and Terri S. Crider, Jackson, Tennessee, for the appellant, Robert Lee Algee.

Jeffrey L. Lay, Dyersburg, Tennessee, for the appellee, David Anthony Craig, as personal representative of the Estate of Nancy P. Craig.

### OPINION

### I.     BACKGROUND

This action arises out of an automobile accident that occurred on September 25, 2017, between Robert Lee Algee ("Plaintiff") and Nancy P. Craig ("Decedent"), who died on January 21, 2018, at the age of 83.[1]  Decedent's will was admitted to probate, and

---

[1] It is unclear whether she died from injuries relating to the accident.

letters testamentary were issued to David Anthony Craig as her personal representative ("Defendant") on February 22, 2018, in the Dyer County Probate Court. The estate was closed on July 13, 2018, by order of the Probate Court.

Plaintiff filed this complaint on September 24, 2018, in the Circuit Court for Dyer County against Defendant as the personal representative of the estate. On November 2, Defendant moved to dismiss, alleging that the suit was filed against an improper party because he had been released from service when the estate was closed. He further claimed that the filing of the suit against an improper party did not operate to toll the statute of limitations, which expired on October 29.[2] Defendant argued that Plaintiff was required to reopen the estate and appoint an administrator ad litem prior to filing suit. On February 28, 2019, Plaintiff conceded that the statute of limitations had passed but moved to enlarge the time for filing service of process anew after he reopened the estate pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure, which provides, in pertinent part, as follows:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect[.]

Plaintiff claimed excusable neglect, explaining that he filed the instant action without knowledge that the estate had been closed. He alleged that he was not given a copy of the order releasing Defendant from service, despite his request to the clerk for a copy of the entirety of the pleadings filed in the estate action.

Defendant argued that relief was not available through Rule 6.02 because Plaintiff failed to strictly follow the statute providing for such actions filed against a decedent. Following a hearing, the trial court acknowledged the presence of excusable neglect but ultimately concluded that relief was not available through Rule 6.02 to extend the statute of limitations in this personal injury action. The trial court found that while suit was filed within one year of the statute of limitations, the original lawsuit was a nullity because the estate had been closed. This timely appeal followed.

---

[2] Pursuant to Tennessee Code Annotated section 28-1-110, the statute of limitations is tolled between the death of the person and the appointment of the representative of the estate, for a period not to exceed six months.

## II.    ISSUE

The sole and dispositive issue on appeal is whether the trial court properly dismissed the action, denying Plaintiff's request for relief pursuant to Rule 6.02 based upon a claim of excusable neglect.

## III.    STANDARD OF REVIEW

The grant of a motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The grant or denial of relief pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure is subject to review under an abuse of discretion standard. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006). A trial court abuses its discretion when it fails to consider the applicable law and relevant facts in reaching its decision. *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). A court is said to abuse its discretion "when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Armbrister v. Armbrister*, 414 S.W.3d 685, 692-93 (Tenn. 2013) (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001)).

## IV.    DISCUSSION

Plaintiff argues that dismissal of his claim was unwarranted when he filed the instant action within the applicable statute of limitations against the listed personal representative of the estate. He claims that the court's denial of relief pursuant to Rule 6.02 to reopen the estate and issue new service to Defendant as the active personal representative was error. Defendant responds that the action was not timely commenced because it was filed against an improper party and that even if the court were to grant Plaintiff additional time in which to appoint an administrator and amend the pleadings, any such amendment would not relate back to the original action.

A suit to recover personal injury damages from a decedent is governed by Tennessee Code Annotated section 20-5-103, which provides, in pertinent part, as follows:

> (a)    In all cases where a person commits a tortious or wrongful act causing injury or death to another, or property damage, and the person

committing the wrongful act dies before suit is instituted to recover damages, the death of that person shall not abate any cause of action that the plaintiff would have otherwise had, but the cause of action shall survive and may be prosecuted against the personal representative of the tort-feasor or wrongdoer.

(b)     The common law rule abating such actions upon the death of the wrongdoer and before suit is commenced is abrogated.

This court has explained the application of the statute as follows:

The statutory language is abundantly clear. The cause of action survives only against the personal representative of the tort-feasor [sic] or wrongdoer. At common law, no cause of action existed against a deceased tortfeasor for personal injury. The cause of action abated at the time of death. Since the statute defines the exclusive remedy and the steps to be taken to secure it, those steps must be strictly followed. The action available under the statute may only be instituted against the personal representative of the tort-feasor [sic]. The law protects an injured person from the possibility that no estate is opened for the tortfeasor by allowing the injured person to petition the chancery court to appoint an administrator for the limited purpose of serving as the defendant in the lawsuit.

*Vaughn v. Morton*, 371 S.W.3d 116, 120 (Tenn. Ct. App. 2012) (internal citations and quotations omitted).

A similar issue was addressed by this court in *Vaughn*, where the plaintiff filed a personal injury action against the defendant-decedent instead of the personal representative. *Id.* at 117. Following the expiration of the one-year statute of limitations, the plaintiff moved to amend the pleadings to substitute the personal representative as the defendant. *Id.* The trial court denied the request and dismissed, holding that an amended complaint adding the personal representative as the defendant would not relate back to the original filing against the decedent. *Id.* at 120-21. We affirmed and explained that "if a complaint does not commence an action within the meaning of Rule 3 it does not commence an action that a later amendment can relate back to within the meaning of Rule 15.03." *Id.* at 121. We concluded that the failure to "strictly follow" the requirement of Section 20-5-103 by naming the personal representative was fatal to the survivability of the action. *Id.* at 120-21. *See also Brooks v. Garner*, 254 S.W.2d 736, 737 (Tenn. 1953) (requiring strict compliance with Section 20-5-103). The same holds true here. *See Brooks*, 254 S.W.2d at 737 (affirming the court's dismissal of the action for failure to file the personal injury action against the personal representative of the

defendant-decedent).  Accordingly, we affirm the court's dismissal of the action based upon its holding that Rule 6.02 may not operate to extend the statute of limitations under the circumstances presented here.

## V.    CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Robert Lee Algee.

_____
JOHN W. McCLARTY, JUDGE